## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**OLIVIA ROBERTSON, LENG VANG,** and **TIMOTHY BATES** on behalf of themselves and other persons similarly situated, known and unknown,

      **Plaintiffs,**

**v.**

**BREAKTHROUGH TOWING, LLC, MICHAEL DICKERSON,** individually and as owner/resident agent of Breakthrough Towing, LLC, **CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION,** and **MIDTOWN LIQUOR & DELI,**

      **Defendants.**

**CASE NO.**

**HON.**

---

TONY D. PARIS (P71525)
KATHLEEN M. GARBACZ (P79901)
Attorneys for Plaintiffs
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
tparis@sugarlaw.org
kathleen.m.garbacz@gmail.com

---

A prior civil action arising out of the same transaction or occurrence as alleged in this Complaint was filed

in Wayne County Circuit Court and voluntarily dismissed
without prejudice on January 7, 2019.
Case No: 18-012427-CZ; Hon. Susan L. Hubbard.

_____
Tony Paris

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Plaintiffs herein, on behalf of themselves and other persons similarly situated, known and unknown, by and through their attorneys, TONY PARIS and KATHLEEN GARBACZ, and show unto this Honorable Court as follows:

## GENERAL ALLEGATIONS

1.      Jurisdiction is conferred by 28 USC Section 1331 and Section 1332.

2.      That this case involves the illegal, predatory, and rogue practices of BREAKTHROUGH TOWING, LLC perpetrated against hundreds of people in the City of Detroit and the City of Hamtramck.

3.      That Plaintiff, OLIVIA ROBERTSON, is a resident of the County of Oakland, State of Michigan.

4.      That Plaintiff, LENG VANG, is a resident of the County of Macomb, State of Michigan.

5.      That Plaintiff, TIMOTHY BATES, is a resident of the County of Wayne,

State of Michigan.

6.      That Defendant, BREAKTHROUGH TOWING, LLC is a limited liability corporation licensed to do business in the State of Michigan and, at all times relevant hereto, conducting business in the County of Wayne, State of Michigan.

7.      That based upon information and belief, Defendant MICHAEL DICKERSON is the owner and resident agent of Breakthrough Towing, LLC, and at all times relevant hereto was registered to do business as the owner and registered agent of Breakthrough Towing, LLC in the County of Wayne, State of Michigan.

8.      That Defendant, McDONALD'S CORPORATION, is a body corporate organized under the laws of the State of Delaware, registered in the State of Michigan, and doing business in Wayne County.

9.      That Defendant, McDONALD'S #20757, is a corporation organized under the laws of the State of Michigan, doing business in Wayne County. McDONALD'S #20757 is independently owned, a franchisee, a subsidiary, and/or alter-ego of Defendant McDONALD'S CORPORATION.

10.     That Defendant, CVS PHARMACY #8137, is a corporation organized under the laws of the State of Michigan, doing business in Wayne County.  CVS PHARMACY #8137 is independently owned, a franchisee, a subsidiary, and/or alter-ego of CVS Pharmacy Corporation.

11.     That Defendant, CVS CAREMARK CORPORATION, is a body corporate organized under the laws of the State of Delaware, registered in the State of Michigan, and doing business in Wayne County

12.     That Defendant, MIDTOWN LIQUOR & DELI, is a corporation organized under the laws of the State of Michigan, doing business in Wayne County.

13.     That the towing practices by Defendants caused Plaintiffs and other members of the class substantial injury and costs.

14.     That the amount in controversy herein exceeds the sum of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest, costs, and attorney fees.

## CLASS ACTION

15.     Plaintiffs herein reincorporate and realleges Paragraphs 1 through 14 of the General Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further state:

16.     Count I, Count II, Count III, Count IV, Count V, Count VI, Count VII, and Count VIII are brought as a class action pursuant to Rule 23 of the Federal Rule of Civil Procedure because:

  A. The class of Plaintiffs is so numerous that joinder of all class members is impracticable;

B.  There are questions of law or fact common to the members of the class that predominate over questions affecting only individual members;

C.  The claims or defenses of the representative parties are typical of the claims or defenses of the class;

D.  The representative parties will fairly and adequately assert and protect the interests of the class; and

E.  The maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

17.     The class representatives and the class members have been equally affected by Defendants' illegal, predatory, and rogue towing practices.

18.     The class representatives, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought.

19.     If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to class members, Defendants, and the resources of the Court.

20.     A class action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

WHEREFORE,  Plaintiffs  herein,  OLIVIA  ROBERTSON,  LENG  VANG,

TIMOTHY BATES and similarly situated prospective members of the class, pray that this Honorable Court grant judgment in favor of Plaintiffs and against Defendants, BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON, CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, and MIDTOWN LIQUOR & DELI, in whatever amount Plaintiffs are found to be entitled, together with interests, costs, and attorney fees.

## INTRODUCTION

21.   BREAKTHROUGH TOWING, LLC routinely tows vehicles without permission of the vehicle's owner and without direction or permission from the entity in ownership or control of the site from which the vehicle is towed.

22.   This occurs at various parking lots which include, but are not limited to: CVS #8137, McDONALD'S #20757, and MIDTOWN LIQUOR & DELI, in the City of Hamtramck and the City of Detroit.

23.   This illegal, exploitative, and predatory towing is routinely done in violation of Michigan towing statutes, city ordinances, contracts with parking lot property owners, posted signs, common law doctrine, and other regulations.

24.   BREAKTHROUGH TOWING, LLC demands and requires hundreds of dollars to be paid in cash only, to release the vehicle to its owners for these non-consensual and illegal tows.

25.   BREAKTHROUGH TOWING, LLC typically does not provide a receipt for

these transactions.

26.     BREAKTHROUGH TOWING, LLC consistently and unreasonably:

A. Fails to obtain permission from the parking lot owner or adhere to contracts before towing the subject vehicle;

B. Fails to notify the City of Hamtramck or City of Detroit before towing the subject vehicle, as required by Michigan law pursuant to MCL Section 257.252 et. seq.;

C. Fails to properly record the information as required by Michigan law pursuant to MCL Section 257.252 et. seq.;

D. Grossly overcharges the vehicle owner for towing, storage and other charges;

E. Prevents vehicle owners from retrieving necessary possessions and belongings from their vehicles, or grossly overcharges them to do so;

F. Fails to provide reasonable payment options to vehicle owners and accepts cash only;

G. Damages vehicles both during the tow, and after the tow by storing the vehicle in an location filled with large potholes, sharp objects to puncture tires, and without gated protection to properly prevent access to the lot;

H. Fails to release the subject vehicle to the vehicle's owner when the owner

presents him or herself prior to the removal of the vehicle, as required by Michigan law pursuant to MCL Section 257.252d.

27.    Many of the lots targeted and patrolled by BREAKTHROUGH TOWING, LLC are located in areas populated by a large number of immigrant and low-income residents.

28.    BREAKTHROUGH TOWING LLC'S illegal and predatory towing practices – which have been the subject of various reports, investigations, and news stories – not only victimize Plaintiffs and other similarly situated individuals whose vehicles have been improperly towed, but threaten commerce in the areas in which they operate.   Businesses located at, or near, lots where BREAKTHROUGH TOWING LLC operates lose customers who are unwilling to park in their proximity, or otherwise deterred because their vehicle may disappear at any moment as a result of rogue towing, and then forced to pay a cash ransom to retrieve their vehicle.

29.    Plaintiffs and others similarly situated individuals incur actual damages and costs which include, but are not limited to: unreasonable and excessive towing fees, additional fees for retrieving anything from the vehicle, additional fees for storage even when the delay is caused by Defendants, costs of replacement transportation, and costs of repairing vehicles which were damaged by BREAKTHROUGH TOWING, LLC in the process of towing the vehicle.

30.     In addition to the costs associated with retrieving Plaintiffs' vehicles, they remain obligated to pay the expenses associated with vehicle ownership, such as lease or loan payments and insurance premiums during a period of time in which they did not have access to or control over their vehicles.

## PLAINTIFF OLIVIA ROBERTSON FACTS

31.     Plaintiff OLIVIA ROBERTSON owned a vehicle which was legally parked in a parking lot near CVS #8137, located on the corner of Holbrook Road and Mitchell Street in Hamtramck, Michigan on or about April 5, 2018.

32.     That CVS #8137 is overseen and/or controlled by CVS CAREMARK CORPORATION.

33.     On or about April 5, 2018, Plaintiff OLIVIA ROBERTSON was patronizing Bumbo's in Hamtramck, Michigan across the street from where her vehicle was parked.

34.     At the time of Plaintiff's patronage, no signs displayed by CVS or BREAKTHROUGH TOWING, LLC were visible where Plaintiff OLIVIA ROBERTSON'S vehicle was parked.

35.     At the time of Plaintiff's patronage, no signs displayed by CVS or BREAKTHROUGH TOWING, LLC appeared at each point of entry to the real property, either off of Holbrook Road or Mitchell Street.

36.     Additionally, on or about April 5, 2018, BREAKTHROUGH TOWING, LLC did not have a valid contract with CVS or the City of Hamtramck to tow vehicles from the parking spaces where Plaintiff's vehicle was parked.

37.     While Plaintiff was at Bumbo's on or about April 5, 2018, a Bumbo's employee notified the patrons that a BREAKTHROUGH TOWING, LLC tow truck was in the parking lot across the street.

38.     After the announcement, Plaintiff OLIVIA ROBERTSON went to the parking lot across the street where her vehicle was parked to find a BREAKTHROUGH TOWING, LLC tow truck driver attempting to attach her vehicle to the trailer.

39.     When she arrived at the parking lot, Plaintiff's vehicle had not yet been attached to the tow truck.

40.     At this time, the employee/driver of the BREAKTHROUGH TOWING, LLC tow truck told Plaintiff OLIVIA ROBERTSON that they had to tow her vehicle, despite Plaintiff being present and demanding a return of her vehicle, in clear violation of MCL Section 257.252(d).

41.     After the employee/driver continued with the tow, Plaintiff OLIVIA ROBERTSON called the Hamtramck Police Department to report her vehicle being improperly and illegally towed.

42.     Plaintiff OLIVIA ROBERTSON was told by the Hamtramck Police Department that her vehicle would have to be towed by the driver of the BREAKTHROUGH TOWING, LLC tow truck to the police station and then would be taken to a storage location.

43.     That evening, Plaintiff OLIVIA ROBERTSON and a friend went to the BREAKTHROUGH TOWING, LLC office located at 1501 W. Lafayette, Detroit, Michigan 48216 to retrieve her vehicle.

44.     At the W. Lafayette location, Plaintiff OLIVIA ROBERTSON was told by an employee or other person acting as an agent for BREAKTHROUGH TOWING, LLC that she would have to pay $375.00 to retrieve her vehicle.

45.     At the payment window in the office of BREAKTHROUGH TOWING, LLC where Plaintiff OLIVIA ROBERTSON was instructed to go to retrieve her vehicle, there were stickers or signs advising that credit cards were accepted as a form of payment, but she was not given that option, and told that cash payment was mandatory. She and her friend had to leave Defendants' office to obtain the required cash.

46.     To retrieve her vehicle, Plaintiff OLIVIA ROBERTSON was made to pay $420.00 in cash by BREAKTHROUGH TOWING, LLC which included fees because her Michigan Registration was still in the car which was illegally towed.

47.     Desperately needing to recover her vehicle, Plaintiff OLIVIA ROBERTSON

had no other choice but to pay this fee to retrieve her vehicle, despite the unreasonable and excessive cost.

48.    Plaintiff OLIVIA ROBERTSON was not given a receipt by BREAKTHROUGH TOWING, LLC or anyone acting as an agent for the corporation.

49.    Plaintiff OLIVIA ROBERTSON was then told her vehicle was not being stored at the BREAKTHROUGH TOWING, LLC office, but rather, at another storage lot located in Detroit, Michigan.

50.    Plaintiff OLIVIA ROBERTSON was then told that she would need to follow an agent/employee of BREAKTHROUGH TOWING, LLC to retrieve her vehicle from said storage lot.

51.    Plaintiff OLIVIA ROBERTSON then followed an agent/employee of BREAKTHROUGH TOWING, LLC to retrieve her vehicle from said storage lot, where she found a large tow truck blocking the entrance to the lot.

52.    This is a direct violation of MCL Section 257.252, *et seq*. by BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON.

53.    Specifically, BREAKTHROUGH TOWING, LLC did not provide Plaintiff OLIVIA ROBERTSON the immediate and continuous opportunity to retake possession of her illegally towed vehicle in direct violation of MCL Section

257.252(d)(2).

54.    To date, Plaintiff OLIVIA ROBERTSON has not received a receipt, invoice for the amount owed, or a Notice of Abandoned Vehicle from BREAKTHROUGH TOWING, LLC, the City of Hamtramck, or the State of Michigan.

55.    As a result of BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON's actions, Plaintiff OLIVIA ROBERTSON and others similarly situated, known and unknown, suffered actual damages, including but not limited to the $420.00 she was made to pay by BREAKTHROUGH TOWING, LLC in order to retrieve her vehicle from the storage lot, the loss of the use of her vehicle during the time it was illegally towed and stored, and potential damage to her vehicle.

## PLAINTIFF LENG VANG FACTS

56.    Plaintiff LENG VANG owned a vehicle which was legally parked on Willis Street between Woodward Avenue and Cass Avenue in Detroit, Michigan on or about September 14, 2018.

57.    At the time, no signs where displayed by BREAKTHROUGH TOWING, LLC or MIDTOWN LIQUOR & DELI, at the parking space or within sight of Plaintiff LENG VANG'S vehicle at the time he was parked.

58.    Additionally, on or about September 14, 2018, BREAKTHROUGH

TOWING, LLC did not have a valid contract with MIDTOWN LIQUOR & DELI, to tow from the spaces where LENG VANG'S vehicle was parked. Instead, an agent of MIDTOWN LIQUOR & DELI actually had specifically instructed BREAKTHROUGH TOWING, LLC not to tow from those spaces where Plaintiff LENG VANG'S vehicle was parked.

59.    Despite MIDTOWN LIQUOR & DELI advising Plaintiff LENG VANG that no one from the store called BREAKTHROUGH TOWING, LLC, Plaintiff called Defendant BREAKTHROUGH TOWING, LLC who informed him that the company towed his car from Plaintiff's parking spot.

60.    Three days *after* Plaintiff LENG VANG'S vehicle was towed, BREAKTHROUGH TOWING, LLC and/or MIDTOWN LIQUOR & DELI added signage to the fence facing where Plaintiff LENG VANG'S vehicle was parked.

61.    MIDTOWN LIQUOR & DELI does not even own the parking spaces where Plaintiff LENG VANG'S vehicle was towed by BREAKTHROUGH TOWING LLC.

62.    After much delay in locating his vehicle and no returned phone calls from BREAKTHROUGH TOWING LLC, Plaintiff LENG VANG was informed by a BREAKTHROUGH TOWING LLC employee/agent that in order to retrieve his vehicle, he would need to pay $470.00 in cash only.

63.    Plaintiff LENG VANG was further informed that the BREAKTHROUGH

TOWING, LLC office was open "24/7," but that he would need to wait until the boss/owner came in to call him around 11:00 PM that same evening.

64. Plaintiff LENG VANG was not contacted by BREAKTHROUGH TOWING, LLC or any of its employees, agents, or owner, Defendant MICHAEL DICKERSON that evening.

65. Plaintiff LENG VANG returned to BREAKTHROUGH TOWING, LLC'S office the following morning but was advised that he could not retrieve his vehicle.

66. An employee/agent of BREAKTHROUGH TOWING, LLC informed Plaintiff that his vehicle had been damaged by BREAKTHROUGH TOWING, LLC during the towing and was being kept at a separate location, Livernois Oil Express in Detroit, while it was being repaired.

67. Prior to speaking with said BREAKTHROUGH TOWING, LLC employee/agent the following day, Plaintiff LENG VANG was not advised that his vehicle had been damaged.

68. Plaintiff LENG VANG did not authorize or consent in any way to his car being relocated from Defendants' possession.

69. Plaintiff LENG VANG did not authorize or consent in any way to his car to the method and manner of the repairs, which included further delay and cost because the facility ordered the "wrong part."

70.    Plaintiff LENG VANG had not received a Notice of Abandoned Vehicle from BREAKTHROUGH TOWING, LLC, the City of Detroit, or the State of Michigan and thus was not been able to file an Abandoned Vehicle Petition in 36th District Court.

71.    Separately, Plaintiff LENG VANG learned there was a witness to the illegal and improper towing by BREAKTHROUGH TOWING, LLC of his vehicle on September 14, 2018.

72.    This witness informed Plaintiff LENG VANG that he witnessed Plaintiff's vehicle sustain significant damage to the underbody of the vehicle, including, but not limited to the oil repository.

73.    Because of the damage caused by BREAKTHROUGH TOWING, LLC, all of the oil in Plaintiff LENG VANG's vehicle spewed out onto Willis Street where the stain remains.

74.    These circumstances are a direct violation of MCL Section 257.252, *et seq*. by BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON.

75.    As a result of BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON's actions, Plaintiff LENG VANG and others similarly situated, known and unknown, suffered actual damages, including but not limited to the excessive and unreasonable amount required to regain possession of his vehicle, which continues to incur, the loss of the use of his vehicle during the time it was

illegally towed and stored by BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON, and the actual cost of damage to his vehicle.

## PLAINTIFF TIMOTHY BATES FACTS

76.     Plaintiff TIMOTHY BATES was an authorized driver on a vehicle which was legally parked in the parking lot owned and operated by Defendant McDONALD'S #20757 in Detroit, Michigan on or about August 2, 2018.

77.     That McDONALD'S #20757 is overseen and/or controlled by McDONALD'S CORPORATION.

78.     Plaintiff TIMOTHY BATES was an employee and/or independent contractor for the mobile phone app, "Door Dash," where he was required to make fast food deliveries for customers who ordered from fast food restaurants, including Defendant McDONALD'S #20757.

79.     Plaintiff TIMOTHY BATES was picking up his second Door Dash order of that day from Defendant McDONALD'S #20757 when his vehicle was illegally and improperly towed from the McDONALD'S #20727 parking lot.

80.     Upon arriving to the Defendant McDONALD'S #20757 parking lot, TIMOTHY BATES went inside the restaurant, used the restroom, and waited in line at the register inside to pick up his Door Dash order.

81.     Once Plaintiff TIMOTHY BATES walked outside to his vehicle, he saw that

a BREAKTHROUGH TOWING LLC driver had hooked up his vehicle to the tow truck.  When Plaintiff TIMOTHY BATES asked that it be released, the driver told him he could not release the vehicle, as it was already hooked up.

82.   Plaintiff   TIMOTHY   BATES   was   further   instructed   by   the BREAKTHROUGH TOWING LLC tow truck driver to speak with "Alize" inside the McDONALD'S #20757 regarding his vehicle.

83.   Plaintiff TIMOTHY BATES went back inside McDONALD'S #20757 and asked to speak with "Alize," but he was told by another employee that she had left for the day.

84.   Plaintiff TIMOTHY BATES is under the reasonable belief that Defendant McDONALD'S   #20757,   Defendant   McDONALD'S   CORPORATION,   and/or employees of the same are involved in the towing of legally parked vehicles, owned by customers of the restaurant, and may be receiving compensation to report vehicles to Defendant BREAKTHROUGH TOWING LLC and/or Defendant MICHAEL DICKERSON.

85.   Plaintiff   TIMOTHY   BATES   was   informed   that   Defendant BREAKTHROUGH TOWING LLC closed at 11:00 P.M. (despite alleging they are a "24-hour-a-day towing" company on their website) and he would need to pay cash to retrieve his vehicle before 11:00 P.M. to avoid incurring additional fees.

86.   Plaintiff TIMOTHY BATES was ultimately charged $420.00 to retrieve his

vehicle, hours after it was towed, including a $25.00 "after hours" fee.

87.    These circumstances are a direct violation of MCL Section 257.252, *et seq.* by BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON.

88.    As a result of BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON's actions, Plaintiff TIMOTHY BATES and others similarly situated, known and unknown, suffered actual damages, including but not limited to the excessive and unreasonable amount required to regain possession of his vehicle, which continues to incur, the loss of the use of his vehicle during the time it was illegally towed and stored by BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON, and the actual cost of damage to his vehicle.

## MICHIGAN VEHICLE CODE AND TOWING LAW

89.    Michigan law regulates the practice of towing vehicles in private parking lots pursuant to MCL Section 257.252(a), MCL Section 257.252(d), MCL Section 257.252(i), and MCL Section 257.252(k).

90.    Pursuant to MCL Section 257.252 et. seq., Michigan law authorizes police and government agencies to provide for the immediate removal of a vehicle from a public or private lot.

91.    Pursuant to MCL Section 257.252 et. seq., Michigan law authorizes a private property owner to have the vehicle towed and taken into custody as an abandoned

vehicle if the vehicle has remained on the property without consent of the property owner.

92.     "[B]efore removing the vehicle from private property, the towing agency shall provide reasonable notice by telephone, or otherwise, to a police agency having jurisdiction over the vehicle that the vehicle is being removed. The police agency shall determine if the vehicle has been reported stolen and enter the vehicle into the law enforcement information network as an abandoned vehicle." MCL Section 257.252 et. seq.

93.     The owner of the private lot from which a vehicle is towed shall post a notice that meets all of the statutorily-delineated requirements "before authorizing the towing or removal of a vehicle from the real property without the consent of the owner or other person who is legally entitled to possess the vehicle." MCL 257.252(k),

94.     MCL Section 257.525(d)(2) requires the following:

> Unless the vehicle is ordered to be towed by a police agency or a governmental agency designated by a police agency under subsection (1)(a), (d), (e), or (k), if the owner or other person who is legally entitled to possess a vehicle to be towed or removed arrives at the location where the vehicle is located before the actual towing or removal of the vehicle, the vehicle shall be disconnected from the tow truck, and the owner or other person who is legally entitled to possess the vehicle may take possession of the vehicle and remove it without interference upon the payment of the reasonable service fee, for which a receipt shall be provided.

**COUNT I – DEFENDANTS BREAKTHROUGH TOWING, LLC,
McDONALDS CORPORATION, McDONALDS #20757, CVS PHARMACY**

**#8137, CVS CAREMARK CORPORATION, MIDTOWN LIQUOR & DELI, AND MICHAEL DICKERSON HAVE VIOLATED THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) 18 U.S. CODE SECTION 1962(c)**

95.     Plaintiffs herein reincorporate and reallege Paragraphs 1 through 94 of the General Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further state:

96.     Defendants BREAKTHROUGH TOWING LLC and MICHAEL DICKERSON have directly and/or indirectly received income from a pattern of racketeering activity which have an effect on interstate commerce.

97.     Pursuant to 18 U.S.C. 1961(3) and (4), Defendant MICHAEL DICKERSON is a person controlling an entity, Defendant BREAKTHROUGH TOWING LLC, which functions as a continuing unit and which actively and continuously engages in a pattern of racketeering activity in violation of 18 U.S.C. 1962(c).

98.     The BREAKTHROUGH TOWING Enterprise is an association-in-fact within the meaning of 18 U.S.C. § 1961(4) consisting of (i) Defendants BREAKTHROUGH TOWING, LLC, McDONALD'S CORPORATION, McDONALD'S #20757, CVS PHARMACY #8137, CVS CAREMARK CORPORATION, MIDTOWN LIQUOR & DELI, AND MICHAEL DICKERSON, including their employees and agents; (ii) the BREAKTHROUGH TOWING Participants; (iii) and other unnamed co-conspirators as set forth *supra*. The BREAKTHROUGH TOWING Enterprise is an ongoing organization that

functions as a continuing unit.

99.    The BREAKTHROUGH TOWING Enterprise falls within the meaning of 18 U.S.C. 1961(4) and consists of a group of persons associated together for the common purpose of harassing, threatening, defrauding, converting, trespassing, misleading and extorting Plaintiffs by towing their properly and legally parked vehicles, forcing them to pay unreasonable amounts in cash-only fees, and providing kickbacks to other Enterprise associates for each tow reported.

100.   Defendants have conducted and participated in the affairs of the BREAKTHROUGH TOWING Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1) and 1961(5), which includes multiple instances of misleading and defrauding Plaintiffs and potential members of the class as further described above.   The pattern of racketeering activity also includes multiple instances of mail and wire fraud including but not limited to: improperly and misleadingly notifying local police authority with regard to the details of the towing and improperly and misleadingly notifying the Michigan Secretary of State with regard to the details of the towing.

101.   The BREAKTHROUGH TOWING Enterprise engaged in and affected interstate commerce, because the Enterprise involved victims whose vehicles were registered outside the state of Michigan or United States, and/or involved victims outside the State of Michigan or United States and the towing of those vehicles

impeded their owners from returning to their homes.

102.    Defendants exerted control over the BREAKTHROUGH TOWING Enterprise, and Defendants participated in the operation or management of the affairs of the BREAKTHROUGH TOWING Enterprise.

103.    As a result of Defendant's improper and illegal actions in violation of 18 U.S. Code Section 1961 et. seq., Plaintiffs were made to pay an unreasonable and excessive costs to retrieve their vehicles after they had been towed illegally and improperly.

WHEREFORE, Plaintiffs herein, OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, and similarly situated prospective members of the class, pray that this Honorable Court grant judgment and treble damages in favor of Plaintiffs and against Defendants, BREAKTHROUGH TOWING, LLC, MICHAEL DICKERSON, CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, and MIDTOWN LIQUOR & DELI in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

## COUNT II – STATUTORY CONVERSION AGAINST DEFENDANTS BREAKTHROUGH TOWING, LLC AND MICHAEL DICKERSON

104.    Plaintiffs herein reincorporate and reallege Paragraphs 1 through 103 of the General Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further state:

105.    Defendant BREAKTHROUGH TOWING, LLC and its owner, Defendant

MICHAEL DICKERSON, are in violation of the relevant State of Michigan, City of Detroit, and City of Hamtramck towing statutes and/or ordinances as further described herein.

106.   As a result of these violations, Defendants BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON did not properly tow Plaintiffs' and other class members' vehicles and were not in proper possession of Plaintiffs' or other class members' vehicles, thereby causing Plaintiffs and other members of the class to suffer damages and incur substantial and unreasonable costs and injuries.

107.   On or about April 5, 2018, September 14, 2018, and on other occasions before and after that day, BREAKTHROUGH TOWING LLC and its owner, MICHAEL DICKERSON did convert vehicles owned by the Plaintiffs and other members of the prospective class for their own use when the vehicles were improperly towed from private parking lots.

108.   On or about April 5, 2018, September 14, 2018, and on other occasions before and after that day BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON did possess, conceal, or aid in the concealment of converted property, as knew that the property was stolen, embezzled, or converted.

109.   BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON wrongfully exerted distinct acts of dominion over Plaintiffs OLIVIA ROBERTSON's, LENG VANG'S, and TIMOTHY BATES' property, as well as

the property of prospective members of this class.

110. Defendants BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON acted intentionally, not in good faith, and/or were undertaken with malice.

111. Defendants CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, and MIDTOWN LIQUOR & DELI assisted in converting Plaintiffs' vehicles through receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property, as each entity knew that the property was stolen, embezzled, or converted by BREAKTHROUGH TOWING LLC and/or MICHAEL DICKERSON.

112. BREAKTHROUGH TOWING, LLC, MICHAEL DICKERSON, CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, and MIDTOWN LIQUOR & DELI therefore caused Plaintiffs and other prospective members of the class to incur costs and injuries for which they are entitled to treble damages pursuant to MCL Section 600.2919(a), as well as other remedies Plaintiffs may have at law or otherwise.

WHEREFORE, Plaintiff herein, OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, and similarly situated prospective members of the class, pray that this Honorable Court grant judgment in favor of Plaintiffs and against Defendants,

BREAKTHROUGH TOWING, LLC, MICHAEL DICKERSON, CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, and MIDTOWN LIQUOR & DELI in three times the amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

### COUNT III – COMMON LAW CONVERSION AGAINST DEFENDANTS BREAKTHROUGH TOWING, LLC, MICHAEL DICKERSON, CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, and MIDTOWN LIQUOR & DELI

113.    Plaintiffs herein reincorporate and reallege Paragraphs 1 through 112 of the General Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further state:

114.    BREAKTHROUGH TOWING LLC and its owner, MICHAEL DICKERSON converted vehicles owned by the Plaintiffs and other members of the prospective class for their own use when the vehicles were improperly towed from private parking lots.

115.    BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON wrongfully exerted distinct acts of dominion over Plaintiffs' property, as well as the property of prospective members of this class.

116.    Defendants BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON acted intentionally, not in good faith, and/or were undertaken with malice.

117. Defendants CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, and MIDTOWN LIQUOR & DELI assisted in converting Plaintiffs' vehicles through receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property, as each entity knew that the property was stolen, embezzled, or converted by BREAKTHROUGH TOWING LLC and/or MICHAEL DICKERSON.

118. Defendants' conduct constitutes common law conversion.

WHEREFORE, Plaintiffs herein, OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, and similarly situated prospective members of the class, pray that this Honorable Court grant judgment in favor of Plaintiffs and against Defendants, BREAKTHROUGH TOWING, LLC, MICHAEL DICKERSON, CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, and MIDTOWN LIQUOR & DELI in whatever amount Plaintiffs are found to be entitled, together with interests, costs, and attorney fees.

### COUNT IV – FRAUD AND MISREPRESENTATION AGAINST DEFENDANTS BREAKTHROUGH TOWING, LLC, MICHAEL DICKERSON, CVS #8137, CVS CAREMARK CORPORATION McDONALD'S #20757, McDONALD'S CORPORATION and MIDTOWN LIQUOR & DELI

119. Plaintiffs herein reincorporate and reallege Paragraphs 1 through 119 of the General Allegations of this Complaint with the same force and effect as if same

were set forth in full hereunder, and further states:

120.  BREAKTHROUGH  TOWING  LLC  and  MICHAEL  DICKERSON
displayed  towing  zone/no  parking  signs  in  some  privately-owned  parking  lots,
including but not limited to not limited to: CVS #8137, McDONALD'S #20757,
and MIDTOWN LIQUOR & DELI.

121.  The  towing  zone/no  parking  signs  displayed  by  BREAKTHROUGH
TOWING LLC and MICHAEL DICKERSON in multiple privately-owned parking
lots, including but not limited to: CVS #8137, McDONALD'S #20757, MIDTOWN
LIQUOR & DELI, were placed in the parking lot without permission of the parking
lot owner pursuant to information and belief.

122.  BREAKTHROUGH  TOWING  LLC  and  MICHAEL  DICKERSON  made
representations,  through  their  towing  zone/no  parking  signs  and  otherwise,  that
certain parking spots in parking lots including but not limited to not limited to: CVS
#8137,  McDONALD'S  #20757,  and  MIDTOWN  LIQUOR  &  DELI,  could  not  be
occupied by vehicles and their vehicles would be towed when, in fact, the parking
spots were available for public use, the parking spots were owned privately and/or
there  was  no  contract  or  permission  with  the  owner  of  the  parking  lot  for
BREAKTHROUGH TOWING LLC to tow vehicles parked in those spots and/or
other false and misleading representations that BREAKTHROUGH TOWING LLC
and MICHAEL DICKERSON knew to be untrue.

123. BREAKTHROUGH TOWING LLC and MICHAEL DICKERSON improperly displayed towing zone/no parking signs in violation of MCL Section 257.252k and knew such postings were improper.

124. The actions undertaken by BREAKTHROUGH TOWING LLC and MICHAEL DICKERSON constitute fraud and/or misrepresentation, as these representations were material, false and/or made recklessly and that these representations were made with the intention that they be acted on and so that BREAKTHOUGH TOWING LLC and MICHAEL DICKERSON could improperly tow Plaintiffs vehicles under the guise that it was a proper towing, when in fact, the towing was improper and predatory.

125. As a result of BREAKTHROUGH TOWING LLC and MICHAEL DICKERSON's actions, Plaintiffs' vehicles, and others' similarly situated were improperly and illegally towed from various locations, causing Plaintiffs and other prospective members of the class, known and unknown, to incur damages and substantial costs.

126. Defendants CVS #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, and MIDTOWN LIQUOR & DELI have conveyed to consumers and others that the signs were placed by BREAKTHROUGH TOWING LLC and/or MICHAEL DICKERSON without their permission, however, continue to allow BREAKTHROUGH

TOWING LLC and/or MICHAEL DICKERSON to tow legally parked customers from these parking spots, and even aid in their ability to do so.

127.   Defendants CVS #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION and MIDTOWN LIQUOR & DELI and/or their employees may have received benefits, compensation and/or other forms of nonmonetary benefits from Defendants BREAKTHROUGH TOWING LLC and/or MICHAEL DICKERSON for allowing Defendants to defraud their customers and further, aiding in the defrauding of customers themselves.

128.   Further, Defendants BREAKTHROUGH TOWING LLC and MICHAEL DICKERSON made representations on its website, through oral representations, and through signs in the office with regard to the method of payment and costs Plaintiffs and others similarly situated would incur in order to retrieve their vehicles after they had been towed.

129.   Defendants BREAKTHROUGH TOWING LLC and MICHAEL DICKERSON made these representations with regard to the cost and method of payment knowing they were false and intended that the Plaintiffs and others similarly situated rely on them.

130.   Plaintiffs and others similarly situated relied on these representations when they attempted to retrieve their vehicles from the storage lot.

131.    Plaintiffs and others similarly situated incurred costs far beyond what was represented to them in order to retrieve their vehicles and that despite a representation for online payment and/or payment by credit card, they were required to pay cash.

132.    As a result of Defendants' representations, Plaintiffs and others similarly situated incurred substantial costs and damages.

WHEREFORE, Plaintiffs herein, OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, and similarly situated prospective members of the class, pray that this Honorable Court grant judgment in favor of Plaintiffs and against Defendants, BREAKTHROUGH TOWING, LLC, MICHAEL DICKERSON, CVS #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, and MIDTOWN LIQUOR & DELI in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

## COUNT V – TRESPASS TO CHATTELS AGAINST DEFENDANTS BREAKTHROUGH TOWING, LLC AND MICHAEL DICKERSON

133.    Plaintiffs herein reincorporate and reallege Paragraphs 1 through 132 of the General Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further state:

134.    BREAKTHROUGH TOWING LLC and its owner, MICHAEL DICKERSON trespassed upon vehicles owned by the Plaintiffs and other members of the prospective class for their own use when the vehicles were improperly towed

from private parking lots.

135. BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON wrongfully and intentionally exerted distinct acts of dominion over Plaintiff's property, as well as the property of prospective members of this class.

136. Defendants' conduct constitutes trespass to chattels to Plaintiffs' vehicles.

137. Defendants BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON acted intentionally, not in good faith, and/or were undertaken with malice.

WHEREFORE, Plaintiffs herein, OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, and similarly situated prospective members of the class, pray that this Honorable Court grant judgment in favor of Plaintiffs and against Defendants, BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON, in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

## COUNT VI – UNJUST ENRICHMENT AGAINST DEFENDANTS BREAKTHROUGH TOWING, LLC AND MICHAEL DICKERSON

138. Plaintiffs herein reincorporate and reallege Paragraphs 1 through 137 of the General Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further state:

139. Defendants BREAKTHROUGH TOWING LLC and MICHAEL

DICKERSON towed vehicles owned by Plaintiffs and other similarly situated prospective members of the class improperly and illegally.

140.    As a result of Defendant's improper and illegal actions, Plaintiffs were made to pay an unreasonable and excessive costs to retrieve their vehicles after they had been towed.

141.    The amount Plaintiffs and others similarly situated were forced to pay to Defendants to retrieve their vehicles constitutes a benefit received by Defendants BREAKTHROUGH TOWING LLC and MICHAEL DICKERSON.

142.    The unreasonable amount Plaintiff and others similarly situated were forced to pay to Defendants to retrieve their vehicles resulted in inequity to Plaintiff and others similarly situated because of the benefit retained by Defendants BREAKTHROUGH TOWING LLC and MICHAEL DICKERSON.

143.    Defendants conduct constitutes unjust enrichment.

WHEREFORE, Plaintiffs herein, OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, and similarly situated prospective members of the class, pray that this Honorable Court grant judgment in favor of Plaintiffs and against Defendants, BREAKTHROUGH TOWING, LLC and MICHAEL DICKERSON, in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

## COUNT VII – DEFENDANTS BREAKTHROUGH TOWING, LLC, MICHAEL DICKERSON, CVS #8137, CVS CAREMARK CORPORATION, McDONALD'S CORPORATION, McDONALD'S #20757,

## **and MIDTOWN LIQUOR & DELI HAVE VIOLATED THE MICHIGAN CONSUMER PROTECTION ACT MCL SECTION 445.901**

144.    Plaintiffs herein reincorporate and reallege Paragraphs 1 through 143 of the General Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further state:

145.    Defendants   BREAKTHROUGH   TOWING   LLC   and   MICHAEL DICKERSON have knowingly, unfairly, and falsely conveyed to Plaintiffs and consumers that their vehicles are parked improperly using deceptive methods in violation of MCL Section 445.901 et. seq.

146.    Defendants   BREAKTHROUGH   TOWING   LLC   and   MICHAEL DICKERSON have knowingly, unfairly, and falsely conveyed to Plaintiffs and consumers that Defendants have the authority to tow Plaintiffs' and consumers' vehicles without notifying the local police and without proper police and/or parking lot owner authority using deceptive methods in violation of MCL Section 445.901 et. seq.

147.    Defendants   BREAKTHROUGH   TOWING   LLC   and   MICHAEL DICKERSON have knowingly, unfairly, and falsely conveyed to Plaintiffs and consumers that Defendants do not have to release Plaintiffs' and consumers' vehicles back to them when they return to their vehicles before their vehicle has been towed from the location, in direct violation of Michigan law.

148.    Defendants   BREAKTHROUGH   TOWING   LLC   and   MICHAEL

34

DICKERSON towed vehicles owned by Plaintiffs and other similarly situated prospective members of the class improperly and illegally.

149.   Defendants   CVS   #8137,   CVS   CAREMARK   CORPORATION, McDONALD'S CORPORATION, McDONALD'S #20757, and MIDTOWN LIQUOR & DELI have knowingly, unfairly, and falsely conveyed to Plaintiffs and consumers/customers that their legally parked vehicles will not be towed.

150.   As a result of Defendant's improper and illegal actions, Plaintiffs were made to pay an unreasonable and excessive costs to retrieve their legally-parked vehicles after they had been towed illegally by BREAKTHROUGH TOWING LLC.

151.   Defendants   BREAKTHROUGH   TOWING   LLC   and   MICHAEL DICKERSON made misleading statements with regard to the cash-only cost Plaintiffs and consumers must pay to retrieve their vehicles, despite conflicting information available to the public on their website and at their office location.

152.   Defendants   BREAKTHROUGH   TOWING   LLC   and   MICHAEL DICKERSON have caused a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction in violation of MCL Section 445.901 et. seq.

153.   For   the   reason   that   Plaintiffs   are   consumers,   Defendants BREAKTHROUGH TOWING LLC, MICHAEL DICKERSON, CVS #8137, CVS CAREMARK   CORPORATION,   McDONALD'S   CORPORATION,

McDONALD'S #20757, and MIDTOWN LIQUOR & DELI are in direct violation of MCL Section 445.901 et. seq and as a result of Defendants' representations, Plaintiffs and others similarly situated incurred substantial costs and damages.

WHEREFORE, Plaintiffs herein, OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, and similarly situated prospective members of the class, pray that this Honorable Court grant judgment in favor of Plaintiffs and against Defendants, BREAKTHROUGH TOWING, LLC, MICHAEL DICKERSON, CVS #8137, CVS CAREMARK CORPORATION, McDONALD'S CORPORATION, McDONALD'S #20757, and MIDTOWN LIQUOR & DELI in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

### COUNT VIII – DEFENDANTS BREAKTHROUGH TOWING, LLC , McDONALDS CORPORATION, McDONALDS #20757, CVS PHARMACY #8137, CVS CAREMARK CORPORATION, MIDTOWN LIQUOR & DELI, AND MICHAEL DICKERSON AIDED AND ABETTED TORTIOUS CONDUCT INCLUDING COMMON LAW CONVERSION, STATUTORY CONVERSION, TRESPASS TO CHATTELS, AND FRAUD AND MISREPRESENTATION

154.    Plaintiffs herein reincorporate and reallege Paragraphs 1 through 153 of the General Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further state:

155.    Defendant BREAKTHROUGH TOWING LLC and its owner, Defendant MICHAEL DICKERSON have committed multiple tortious acts as described fully above.

156.    Defendants McDONALDS CORPORATION, McDONALDS #20757, CVS

PHARMACY #8137, CVS CAREMARK CORPORATION, and MIDTOWN LIQUOR & DELI have aided and abetted this tortious conduct, including, but not limited to:

A.  Aiding and abetting common law conversion;

B.  Aiding and abetting Michigan Statutory Conversion;

C.  Aiding and abetting trespass to chattels and;

D.  Aiding and abetting fraud and misrepresentation.

157.   Defendants McDONALDS CORPORATION, McDONALDS #20757, CVS PHARMACY #8137, CVS CAREMARK CORPORATION, MIDTOWN LIQUOR & DELI knew that BREAKTHROUGH TOWING LLC and/or MICHAEL DICKERSON were committing wrongful acts when they allowed the towing company to tow legally parked vehicles in their parking lots, and in some cases, were paid by BREAKTHROUGH TOWING LLC and/or MICHAEL DICKERSON to report legally parked vehicles to be towed.

158.   Defendants McDONALDS CORPORATION, McDONALDS #20757, CVS PHARMACY #8137, CVS CAREMARK CORPORATION, MIDTOWN LIQUOR & DELI substantially assisted BREAKTHROUGH TOWING LLC and/or MICHAEL DICKERSON in committing tortious conduct when they allowed and/or authorized the towing company to tow legally parked vehicles in their

parking lots, and in some cases, were paid by BREAKTHROUGH TOWING LLC and/or MICHAEL DICKERSON to report legally parked vehicles to be towed.

159.    Defendants McDONALDS CORPORATION, McDONALDS #20757, CVS PHARMACY #8137, CVS CAREMARK CORPORATION, MIDTOWN LIQUOR & DELI's consistent actions constitute aiding and abetting tortious conduct.

WHEREFORE, Plaintiffs herein, OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, and similarly situated prospective members of the class, pray that this Honorable Court grant judgment and treble damages in favor of Plaintiffs and against Defendants, BREAKTHROUGH TOWING, LLC, MICHAEL DICKERSON, CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, and MIDTOWN LIQUOR & DELI in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

Respectfully submitted,

/s/ _____

TONY D. PARIS (P71525)
KATHLEEN M. GARBACZ   (P79901)
Attorneys for Plaintiff
4605 Cass Ave., 2nd Floor
Detroit, MI 48201
(313) 993-4505
tparis@sugarlaw.org
Kathleen.m.garbacz@gmail.com

Dated: January 25, 2019

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**OLIVIA ROBERTSON, LENG
VANG,** and **TIMOTHY BATES** on
behalf of themselves
and other persons similarly situated,
known and unknown,

**CASE NO.**

**HON.**

    **Plaintiffs,**

**v.**

**BREAKTHROUGH TOWING,
LLC, MICHAEL DICKERSON,**
individually and as owner/resident
agent of Breakthrough Towing, LLC,
**CVS PHARMACY #8137, CVS
CAREMARK CORPORATION,
McDONALD'S #20757,
McDONALD'S CORPORATION,**
and **MIDTOWN LIQUOR & DELI,**

    **Defendants.**

---

TONY D. PARIS (P71525)
KATHLEEN M. GARBACZ (P79901)
Attorneys for Plaintiffs
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
tparis@sugarlaw.org
kathleen.m.garbacz@gmail.com

---

## DEMAND FOR JURY TRIAL

NOW COME Plaintiffs herein, on behalf of themselves and other persons similarly

situated, known and unknown, by and through their attorneys TONY D. PARIS and

KATHLEEN M. GARBACZ, and hereby demand a trial by jury as to any and all issues so

triable in the captioned matter.

Respectfully submitted,

/s/ _____

TONY D. PARIS (P71525)
KATHLEEN M. GARBACZ (P79901)
Attorneys for Plaintiff
4605 Cass Ave., 2nd Floor
Detroit, MI 48201
(313) 993-4505
tparis@sugarlaw.org
Kathleen.m.garbacz@gmail.com

Dated: January 25, 2019