# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, ASHLEY COLLINS**, and **JUSTIN KANDAH** on behalf of themselves and other persons similarly situated, known and unknown,

      Plaintiffs,

v.

**BREAKTHROUGH TOWING, LLC, MAGIC TOWING, LLC** (formerly Breakthrough Towing, LLC), **MICHAEL DICKERSON** (aka Mike Jones), individually and as owner/resident agent of Breakthrough Towing and Magic Towing, **CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, MIDTOWN LIQUOR & DELI, THE CITY OF DETROIT, THE CITY OF HAMTRAMCK, CITY OF HAMTRMACK POLICE DEPARTMENT JOHN DOES**, and **CITY OF DETROIT POLICE DEPARTMENT JOHN DOES**,

      Defendants.

**CASE NO. 2:19-cv-10266-AC-EAS**

**HON. AVERN COHN**
**Magistrate Elizabeth A. Stafford**

## PLAINTIFFS' RESPONSE TO DEFENDANT WOODWARD CVS, LLC AND CVS CAREMARK CORPORATION'S MOTION TO DISMISS[1]

NOW COME Plaintiffs, by and through counsel, and for their Response to Defendant Woodward CVS, LLC and CVS Caremark Corporation's Motion to Dismiss submits the following in addition to Plaintiff's attached brief.

1. Plaintiffs admit that the dispute does involve towing fees, however, Plaintiffs rely on the allegations contained in their Complaint.

2. Not controverted by Plaintiff. Deemed admitted.

3. Defendants submit that dismissal is proper, however, Plaintiffs deny.

---

[1] On June 5, 2019, Defendant Midtown Liquor LLC filed a "Notice of Joinder/Concurrence" (Doc. No. 19) with Defendant McDonald's Corporation's and CVS' Motion(s) to Dismiss, advancing that they are "adopting the arguments set for by counsel for McDonald's Corporation and CVS in that motion" but without stating which of these arguments they are adopting in what is actually two separate motions filed those Defendants, and without any accompanying brief. Plaintiffs' will argue that this is not a responsive pleading under the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, ASHLEY COLLINS**, and **JUSTIN KANDAH** on behalf of themselves and other persons similarly situated, known and unknown, | **CASE NO. 2:19-cv-10266-AC-EAS**<br><br>**HON. AVERN COHN**<br>**Magistrate Elizabeth A. Stafford** |

       Plaintiffs,

v.

**BREAKTHROUGH TOWING, LLC, MAGIC TOWING, LLC** (formerly Breakthrough Towing, LLC), **MICHAEL DICKERSON** (aka Mike Jones), individually and as owner/resident agent of Breakthrough Towing and Magic Towing, **CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, MIDTOWN LIQUOR & DELI, THE CITY OF DETROIT, THE CITY OF HAMTRAMCK, CITY OF HAMTRMACK POLICE DEPARTMENT JOHN DOES,** and **CITY OF DETROIT POLICE DEPARTMENT JOHN DOES,**

       Defendants.

---

## PLAINTIFFS' BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT WOODWARD CVS, LLC AND DEFENDANT CVS CAREMARK CORPORATION'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................. ii

STATEMENT OF ISSUES PRESENTED ............................................................. 1

INTRODUCTION ................................................................................................. 2

FACTS FROM PLAINTIFFS' COMPLAINT ..................................................... 2

LEGAL STANDARD ........................................................................................... 5

ARGUMENT ........................................................................................................ 6

  I.   Plaintiffs' Racketeer Influenced and Corrupt Organizations Act Claim
      Against CVS Is Properly Pled and Should Not Be Dismissed ...................... 6

    A. Plaintiff Plausibly Pled Distinct Conduct or Participation of Each of the
        Defendants................................................................................................ 6

    B. CVS Caremark Corporation is Liable for All Tortious Acts Committed by
        Defendant CVS #8137 as Alleged in Plaintiff's Complaint ....................... 8

    C. Plaintiffs Have Plausibly Pled the Existence of a RICO Enterprise .......... 11

  II.  Plaintiffs' Statutory and Common Law Conversion Claims Against CVS Are
      Properly Pled and Should Not Be Dismissed................................................ 13

    A. Plaintiffs'Cars Were Illegally Towed Under Michigan Law ..................... 13

    B. The Illegal Towing Constitutes Conversion Under Michigan Law ........... 14

C. Defendant CVS Employees Are Joint Tortfeasors in the Conversion.......16

III. Plaintiffs' Fraud and Misrepresentation Claim Against CVS is Properly Pled and Should Not Be Dismissed........................................................................ 16

## TABLE OF AUTHORITIES

**Cases**

*Alar v. Mercy Mem'l Hosp.*, 208 Mich App 518 (1995)........................................... 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................... 5

*Avery v. American Honda Motor Car Co.*, 120 Mich App 222 (1982) .................. 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007) ........................................... 5, 7

*Bender v. Southland Corp.*, 749 F2d 1205 (6th Cir. 1984)...................................... 17

*Boyle v. U.S.*, 556 U.S. 938 (2009) ........................................................................ 12

*Caldwell v. Cleveland-Cliffs Iron Co.*, 111Mich App 721 (1981)........................... 9

*Clark v. Texaco, Inc.*, 222 N.W.2d 52 (Mich Ct. App 1974).................................. 11

*Dep't of Agric v. Appletree Mktg, LLC*, 779 N.W.2d 244 (Mich 2010)................. 14

*Echelon Homes, LLC v. Carter Lumber Co.*, 261 Mich App 424 (2004)............... 15

*Foremost Ins. Co. v. Allstate Ins Co.*, 439 Mich 378 (1992) .................................. 14

*Erickson v. Pardus*, 551 U.S. 89 (2007).................................................................... 5

*Hall A. Ctr Assocs. Ltd Partnership v. Dick.*, 726 F.Supp 1083 (E.D. Mich 1989) ........................................................................................................................... 8

*Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich App 94 (1999).............. 14

*Johnston v. America Oil Co.*, 51 Mich App 646 (1973) ......................................... 11

*Kratze v. Indep. Order of Oddfellows*, 190 Mich. App 38 (1991) .......................... 15

*Reves v. Ernest & Young*, 507 U.S. 170 (1993) ....................................................... 7

*RMI Titatnium Co. v. Westinghouse Elec.*, 78 F.3d 1125 (6th Cir. 1996) ............... 5

*Sedima, S.P.R.I. v. Imrex Co..*, 473 U.S. 479 (1985) .............................................. 6

*Sistrunk v. City of Strongville*, 99 F.3d 197 (6th Cir. 1996) .................................... 5

*Thomas v. Checker Cab Co.*, 66 Mich 646 (1973)................................................... 9

*Trail Clinic, P.C. v. Bloch*, 114 Mich App. 700 (1982)......................................... 15

*U.S. v. Turkette*, 452 U.S. 576 (1981) ................................................................... 12

**Statutes**

MCL 257.252d(2) ............................................................................................ 4

MCL 257.252k ......................................................................................... 3, 13

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................ 5, 7

## STATEMENT OF ISSUES PRESENTED

1. Should the Court dismiss Plaintiffs' Racketeer Influenced and Corrupt

   Organizations Act Claim against Defendants CVS?

   > Plaintiffs answer: No

   > Defendants answer: Yes.

2. Should the Court dismiss Plaintiffs' statutory and common law conversion

   claims against Defendants CVS?

   > Plaintiffs answer: No

   > Defendants answer: Yes.

3. Should the Court dismiss Plaintiffs' fraud and misrepresentation claims

   against Defendants CVS?

   > Plaintiffs answer: No

   > Defendants answer: Yes.

4. Should the Court dismiss Plaintiffs' aiding and abetting tortious conduct

   including common law conversion, statutory conversion, trespass to chattels

   and fraud and misrepresentation claims against Defendants CVS?

   > Plaintiffs answer: No

   > Defendants answer: Yes.

## INTRODUCTION[1]

On April 18, 2019, Plaintiffs filed an amended Complaint, consisting of 291 well-pled facts and allegations pertaining to the harm suffered and relief sought by five Plaintiffs as a result of Breakthrough Towing, the Cities of Detroit and Hamtramck, and corporations operating in those cities.

## FACTS FROM PLAINTIFFS' COMPLAINT

Breakthrough Towing, LLC, as well as its alter-ego Magic Towing, are towing companies owned and operated by Defendant Michael Dickerson which illegally tow cars from Hamtramck and Detroit. Defendants Breakthrough Towing and Magic Towing routinely tow legally parked vehicles without permission of the vehicle's owner and without direction or permission from the entity in ownership or control of the site from which the vehicle is towed. This rogue towing occurs at various parking lots which include, but are not limited to CVS #8137 in Hamtramck, Michigan, McDonald's #20757 in Detroit, Michigan, and Midtown Liquor & Deli, in Detroit, Michigan. This illegal, exploitative, and predatory towing is routinely done in violation of Michigan towing statutes, city ordinances, contracts with parking lot property owners, posted signs, common law doctrine, and other

---

[1] CVS Defendants filed their *unsigned* motion (P. 4 of Doc. No. 18) on June 5, 2019 without first seeking concurrence as required by Local Rule 7.1 and/or otherwise stating in their Motion why Defendants were unable to conduct such a conference as required by Local Rule 7.1(B). Therefore, this Court may deny or otherwise strike their motion accordingly.

regulations.   Defendants, including CVS #8137 (Woodward CVS, LLC), CVS Caremark Corporation (collectively "CVS"), McDonald's #20757 and McDonald's Corporation, and Midtown Liquor & Deli have deprived, and continue to deprive, Plaintiffs and other vehicle owners and secured parties of their property, due process, and equal protection rights. Breakthrough Towing, LLC demands and requires hundreds of dollars to be paid in cash only, to release the vehicle, often damaged by Breakthrough's towing practice, to its owners for these unauthorized and illegal tows.

As was pled in Plaintiffs' First Amended Complaint, on or about the evening of April 5, 2018 and into April 6, 2018, Plaintiff and class representative Olivia Robertson was patronizing Bumbo's, a business located in Hamtramck, Michigan. She parked her vehicle across from Bumbo's in a lot owned and controlled by CVS, located on the corner of Holbrook Road and Mitchell Street.   No Breakthrough Towing, or towing signs whatsoever, were visible to Ms. Robertson when she parked her car in the lot in a parking space facing Bumbo's, long after the CVS had closed for the evening.   At the time Ms. Robertson parked her vehicle in the CVS parking lot, no signs displayed by CVS or Breakthrough Towing, LLC appeared at each point of entry to the real property, either off of Holbrook Road or Mitchell Street, contrary to Michigan Towing Law requirements pursuant to MCL 257.252k.

3

While Ms. Robertson and her friend were inside of Bumbo's, one of the bartenders announced to the patrons that a tow truck was towing vehicles from the CVS lot.  Ms. Robertson went outside to see that a tow truck driver was attempting to hook up her vehicle, but it had not yet been hooked up when she got to her car. When she pleaded with the tow truck driver to release her car, the tow truck driver told her to "call the number on the sign."  When she explained that she did not see a sign, he pointed to a Breakthrough sign on the side of the CVS building, not visible from where Ms. Robertson was parked or where she entered the lot.

When the Hamtramck Police Department arrived on the scene, they continued to allow the Breakthrough tow truck driver to hook up Ms. Robertson's vehicle and load it on to the tow truck in violation of MCL 257.252d(2).  <u>Ms. Robertson was then advised that CVS had a contract with Breakthrough Towing to remove cars from their lot.</u>

When Ms. Robertson called Breakthrough Towing to retrieve her car, she was advised that she would need to pay $375 in order to get her car back.  When she arrived to the Breakthrough Towing office the following day to retrieve her car, she was told she would have to pay additional fees because she did not have a hard copy of her registration on her person because it was in her car and she would not be allowed to access it, in addition to an "overnight fee."  She was also told she must pay cash, despite a sign in the window advertising credit card options.  Overall, Ms.

Robertson's Breakthrough Towing experience cost her $420 as a result of a tow that was illegal to begin with.

## **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570 (2007)).  In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). For purposes of a 12(b)(6) motion, the allegations contained in the complaint are construed liberally in favor of the plaintiff. *Sistrunk v. City of Strongville*, 99 F.3d 194, 197 (6th Cir. 1996).  **The plaintiff need not provide "detailed factual allegations" to survive dismissal.**  Rather, the grounds of entitlement to relief beyond mere labels and conclusions is sufficient.  *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007) (citation omitted).  Though Defendants attempt to convince this Court that Plaintiffs' amended complaint is not sufficient on its face and requires a higher pleading standard, Plaintiffs averments satisfy the Court Rules, even for claims of fraud, as Defendant's motion is not one brought pursuant to Rule 56.  In

the alternative, should this Court not find that Plaintiffs' pleadings are sufficient, Plaintiffs should be permitted to amend their complaint to add additional facts.

## **ARGUMENT**

### I.    PLAINTIFFS' RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT CLAIM AGAINST CVS IS PROPERLY PLED AND SHOULD NOT BE DISMISSED

Plaintiff's Amended Complaint properly pled a Racketeer Influenced and Corrupt Organizations ("RICO") claim against CVS. To prevail on a RICO claim, a plaintiff is required to show that Defendants engaged in "(1) conduct, (2) of an enterprise (3) through a pattern … of racketeering activity." *Sedima, S.P.R.I. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

#### A. Plaintiff Plausibly Pled Distinct Conduct or Participation of Each of the Defendants

The Breakthrough Towing enterprise, which includes Defendant CVS, falls within the 18 U.S.C § 1961(4), as it consists of a group of persons associated together for the common purpose of harassing, threatening, defrauding, converting, trespassing, misleading, and extorting Plaintiffs by towing their property and legally parked vehicles, forcing them to pay unreasonable amounts in cash-only fees, and providing kickbacks to other Enterprise associates. The receipt of these kickbacks demonstrate involvement in the criminal enterprise, as required by RICO. For

6

purposes of a 12(b)(6) motion, these allegations bust be taken as true. *Mayer, supra*, at 638.

The Supreme Court held in *Reves v. Ernest & Young*, 507 US 170, 179 (1993), that to be liable under the RICO statute, a defendant must "have some part in directing [the RICO enterprise's] affairs. This is not a case of passive participation. **Defendant CVS owned and/or completely controlled the property from which Ms. Robertson and others were towed and employees received kickbacks for reporting cars located in the CVS lot, as alleged when Plaintiffs claimed a franchisor-franchisee relationship.  <u>They were aware of these illegal tows and continued to play a role in facilitating them</u>.**  As further discussed below, CVS Caremark Corporation was the principal to its agent, CVS #8137.

By controlling the land, affixing, or, at minimum, keeping a sign on their building, as well as the receipt of kickbacks more than satisfy the test forth by the Supreme Court in *Reves*. Additionally, by not maintaining proper signage specifically required by, and outlined in, state statute before a private tow is authorized, CVS further extended their conspiracy with Breakthrough towing to violate the law. not keeping Plaintiffs have pled more than the generalized accusations the Supreme Court held were insufficient in *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007) and thus, their RICO claim should be allowed to proceed[2].

Further, dismissal of RICO claims is not warranted for any potential pleading deficiencies this Court finds. In *Hall A. Ctr Assocs. Ltd. Partnership v. Dick*, 726 F. Supp 1083, 1091 (E. D. Mich 1989), which was cited by Defendants to support their position, the court held that all RICO counts should be separated for each element and each defendant. However, the court did not dismiss the Counts and instead gave 30 days for the Plaintiff to amend their Complaint. *Id*. at 1084. Thus, if this Court finds that Plaintiffs' pleadings are not sufficient, justice requires that Plaintiffs be provided with an opportunity to amend their lawsuit.

### B. CVS Caremark Corporation is Liable for for All Tortious Acts Committed by Defendant CVS #8137 as Alleged in Plaintiff's Complaint

As specifically alleged in Plaintiffs' complaint, "CVS PHARMACY #8137 is independently owned, a franchisee, a subsidiary, and/or alter-ego of CVS Pharmacy Corporation." As further alleged, the tortious acts committed by Defendants CVS occurred on land possessed, either through title or apparent possession, by CVS Caremark Corporation occurred on April 5, 2019. In the very least, there is an issue of fact with regard to whether CVS Caremark Corporation is liable through a theory

---

[2] If this Court finds that Plaintiff's Complaint is deficient, we would ask that this Honorable Court allow Plaintiff to submit a Second Amended Complaint within 30 days.

of direct liability, a theory of apparent agency, or whether liable through agency alone.   Further, as alleged in Plaintiffs' complaint, the CVS employees and/or managers received benefits from Breakthrough Towing by conspiring with them. This was accomplished through their apparent authority to enter into contracts over the land, in service to their master, CVS Caremark Corporation, pursuant to the doctrine of vicarious liability.

Michigan follows the general rule that a company is vicariously liable where: (1) it holds itself out to the public as having control over the operation of a business; or (2) if it does in fact have control over the operation of a business.  This creates an employer-employee relationship that renders the employer liable for any negligent actions of its employees. *Thomas v Checker Cab Co.* 66 Mich App 152, 156 (1975).

Generally under Michigan law, a principal is responsible for the acts of its agent. *Caldwell v. Cleveland-Cliffs Iron Co,* 111 Mich App 721, 731; 315 NW2d 186 (1981).  As alleged in Plaintiff's complaint, CVS #8137 is a franchisee of its franchisor, CVS Caremark Corporation.  A principal-agent relationship also exists between the two – whether it is created by a direct theory or theory of apparent agency is a question of fact that Plaintiffs need not determine at this stage.

The authority of an agent to bind a principal may be either actual or apparent. *Alar v Mercy Mem'l Hosp.*, 208 Mich. App. 518, 528, 529 N.W.2d 318, 323 (1995). Actual agency, unlike apparent agency, turns on control.  "The test of whether an

9

agency has been created is whether the principal has a right to control the actions of the agent." *Meretta v. Peach*, 195 Mich. App. 695, 697, 491 N.W.2d 278, 280 (1992).

A central factor in determining the existence of an agency relationship is the right of control vested in the principal. *Avery v. American Honda Motor Car Co,* 120 Mich App 222, 225; 327 NW2d 447 (1982). In the present case, CVS Corporate presented no evidence that CVS Caremark Corporation did not have control over CVS #8137 and its employees, and it held itself out as having such control. Upon reasonable inference, CVS Corporate has control over the employment of everyone at CVS #8137: it posted the job applications; it controlled the terms of employment; it; it set standards and policies and procedures; CVS #8137 employees could contact CVS corporate with problems.

Upon information and belief, the principal, CVS Caremark Corporation, also maintains control over how many managers a store has, controls the benefits and wages, and permits a level of control over the land possessed. In this case, the CVS employees may have alleged or maintained contracts with Breakthrough Towing, LLC only by virtue of the CVS Caremark name and authority. As third parties, they would not have a right to enter these contracts. CVS Caremark therefore held CVS #8137 out to the public as possessing sufficient authority to act on its behalf, particularly when entering into contracts or giving the impression to its customers

and the City of Hamtramck that it had entered into these contracts.   When CVS #8137 gave the impression to the public, to the City of Hamtramck and possibly to Breakthrough Towing, it was done with the apparent authority from CVS Caremark Corporation to do so.   When CVS #8137 employees sought to control their premises and allegedly controlling Breakthrough Towing in their lot, they did so in service to CVS Caremark Corporation, as they have a direct interest in the customers' CVS #8137 services.   When CVS #8137 employees, including managers pursuant to reasonable inference who have contact with CVS Corporation received other benefits or kickbacks from Breakthrough Towing, it essentially became a term and condition of their employment.   Based on a theory of agency or, in the alternative, apparent agency, CVS Caremark Corporation is therefore liable for the tortious acts of CVS #8137[3].   However, if this Court should find that Plaintiffs averments regarding CVS Caremark Corporation's control over CVS #8137 is not sufficient, Plaintiffs should be permitted to amend their complaint to add additional facts.

## C. Plaintiffs Have Plausibly Plead the Existence of a RICO Enterprise

---

[3] *Clark v. Texaco*, Inc., 222 N.W.2d 52 (Mich Ct. App. 1974) (SJ reversed-holding that a franchised gas station's customer who was bitten by a watchdog had an apparent authority cause of action against the franchisor based on the principal of apparent authority); *Johnston v. American Oil Co.*, 215 N.W.2d 719 (Mich. Ct. App. 1974) (relying upon Gizzi and thus overturning SJ for defendant; plaintiff permitted to go forward on her suit arising from gas station proprietor's shooting to death her husband-the claim was that Amoco advertising established an agency via apparent authority or estoppel).

A purpose of the "Breakthrough Towing Enterprise" is abundantly clear from the Complaint: financial gain. That purpose was accomplished through "harassing, threatening, defrauding, converting, trespassing, misleading and extorting Plaintiffs by towing their properly and legally parked vehicles, forcing them to pay unreasonable amounts in cash-only fees, and providing kickbacks to other Enterprise associates for each tow reported," as alleged in paragraph 228. As Plaintiff's Complaint alleges, CVS employees were receiving kickbacks for allowing Breakthrough to tow cars from the parking lot. As cited by Defendant CVS, an enterprise under the RICO statute is "a group of persons associated together for a common purpose of engaging in a course of conduct." *U.S. V. Turkette*, 452 U.S. 576, 583 (1981). Olivia Robertson was the victim of CVS' role in the RICO conspiracy on April 5, 2018, as she alleged in paragraphs 62-79.

Here, Breakthrough Towing was benefitting financially through their illegal towing practices and CVS, as well as the other Defendants, were benefitting financially from the kickbacks they received to facilitate such tows. Thus, the test in as defined by the Supreme Court in *Boyle v. U.S.*, 556 U.S. 938, 946 (2009) is met, which requires three features: purpose, relationships amongst the parties in the enterprise, and a long enough time period to facilitate the purpose of the enterprise's pursuit. Here, there was a purpose of financial gain, a relationship between the parties – at least enough that a Breakthrough Towing sign would be attached to the

wall of the CVS in question, and enough time for the purpose to be realized if
Breakthrough continued towing indefinitely. Thus, an enterprise, as defined by the
Supreme Court, exists.

## II.     PLAINTIFFS'     STATUTORY     AND     COMMON     LAW
CONVERSION   CLAIMS   AGAINST   CVS   ARE   PROPERLY
PLED AND SHOULD NOT BE DISMISSED

### A.     Plaintiffs' Cars Were Illegally Towed Under Michigan Law

MCL 257.252k provides in relevant part:

…an owner or lessor of private real property shall post a notice that meets all of
the following requirements before authorizing the towing or removal of a vehicle
from the real property without the consent of the owner or other person who is
legally entitled to possess the vehicle:

(a) The notice shall be prominently displayed at each point of entry for vehicular
access to the real property. If the real property lacks curbs or access barriers,
not less than 1 notice shall be posted for each 100 feet of road frontage.

When Ms. Robertson was towed from the CVS parking lot, there were no signs
displayed at the points of entry.  In fact, the only sign was on the CVS building,
which was not visible from the spot where Ms. Robertson parked.  Therefore, when
Breakthrough Towing towed Olivia's vehicle, and presumably others, the tows
were illegal and improper as the signage did not comply with the statutory signage
requirements. **As the owner and/or apparent owner of the lot, Defendants CVS
are both liable under a theory of common law and statutory conversion, as
they had knowledge that the tows from their lot were illegal and improper**

based and *still* systematically allowed Breakthrough to tow from their lot without a proper agreement and without proper signage, aiding in Breakthrough's (a third party's) conversion of Ms. Robertson's and others' vehicles.

### B.    The Illegal Towing Constitutes Conversion Under Michigan Law

Plaintiff's conversion claims against Defendants CVS are clear, despite their broad and hollow allegation only that "Plaintiffs have not and cannot state [one]." In fact, *Dep't of Agric v Appletree Mktg LLC*, 779 NW2nd, 244-45 (2010), cited by Defendants, directly supports Plaintiffs' position. *Dep't of Agric v Appletree Mktg LLC* holds: "Conversion **may** occur when a party properly in possession of property uses it in an improper way, for an improper purpose, **or by delivering it without authorization to a third party**."  Plaintiffs do not disagree that conversion may occur that way.  However, Michigan law provides that "[t]he tort of conversion is 'any distinct act of domain wrongfully exerted other another's personal property in denial of or inconsistent with the rights therein.'" *Head v Phillips Camper Sales & Rental, Inc*, 234 Mich App 94, 111 (1999) (quoting *Foremost Ins Co v Allstate Ins Co*, 439 Mich 378, 391 (1992)).

**There is no knowledge requirement for the statutory conversion claim which applies to Plaintiffs claims in this case**.  The Michigan conversion statute, MCL 600.2919a, provides in relevant part:

(a) Another person's stealing or embezzling property or converting property to the other person's own use.

(b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

Knowledge is only required for part (b) of the statute.  In fact, the statute was amended after *Echelon,* cited by Defendants, to add part (a), which previously did not exist.  Therefore, Plaintiffs are not required to show "actual knowledge," as Defendants erroneously suggest.

Michigan recognizes common law claims for aiding and abetting tortious conduct, including conversion and trespass. *See Echelon Homes, LLC v. Carter Lumber Co.*, 261 Mich. App 424, 683 NW2d 171, 179 (Mich Ct. Appp 2004) (rev'd in part on other grounds by 472 Mich 192, 694 NW2d 544 (2005) (recognizing both aiding and abetting breach of fiduciary duties and aiding and abetting conversion); *Kratze v. Indep. Order of Oddfellows*, 190 Mich. App 38, 475 NW2d 405, 408 (Mich Ct. App. 1991), (rev'd in part on other grounds by 442 Mich. 136, 500 NW2d 115 (1993) (recognizing aiding and abetting trespass); *Trail Clinic, P.C. v. Bloch*, 114 Mich App. 700, 319 N.W. 2d 638, 641 (recognizing aiding and abetting conversion).

Plaintiff Olivia Robertson parked her vehicle in the CVS lot in Hamtramck in April 2018, as alleged in Plaintiffs' complaint.  While her car was parked there,

Defendants jointly committed a "distinct act of domain wrongfully exerted over another's personal property" when they unlawfully towed her car. **The subject CVS did not have proper signs that warned the public that their vehicles would be towed and CVS had no valid contract with Breakthrough Towing, therefore, all cars towed out of that lot were towed illegally, thus converted, as required under Michigan law before her car could be towed**.

### C.   Defendant CVS Employees Are Joint Tortfeasors in the Conversion

As pled in Plaintiff's complaint, Defendant CVS employees, upon information and belief received a benefit and/or kickback by reporting vehicles to Breakthrough Towing, despite no valid contract or signs legally allowing Breakthrough to tow the vehicles. Therefore, not only did Defendants CVS aid in Breakthrough's conversion of Plaintiff's vehicle and others similarly situated, they received benefits from that conversion, satisfying claims of both statutory and common law conversion. As CVS #8137's principal, CVS Caremark Corporation is also liable for their tortious conduct based on their control over the store pursuant the franchisor-franchisee relationship.

### III.   PLAINTIFFS' FRAUD AND MISREPRESENTATION CLAIM AGAINST CVS IS PROPERLY PLED AND SHOULD NOT BE DISMISSED

As Defendants correctly state in their brief on page 15, the minimum Plaintiffs must do is "allege the time, place and contents of the misrepresentations upon which [Plaintiffs] relied." *Bender v Southland Corp*, 749 F2d 1205, 1216 (6th Cir. 1984). Plaintiffs squarely complied with these requirements.

In paragraph 56, Plaintiffs alleged that "Plaintiff OLIVIA ROBERTSON owned or operated a vehicle which was legally parked in a parking lot near CVS #8137, located on the corner of Holbrook Road and Mitchell Street in Hamtramck, Michigan on or about April 5, 2018." In paragraph 57, Plaintiffs pled the agency relationship between Defendant CVS Caremark Corporation and CVS #8137.

With regard to the misrepresentations, paragraphs 256 and 257 specifically allege that Defendants CVS have conveyed to consumers and others that the signs were placed by Breakthrough Towing LLC and/or Michael Dickerson without their permission. Based on those representations, Plaintiffs believed their cars may not be towed. Plaintiffs relied on those representations and parked their cars there. However, Defendants continued to allow Breakthrough Towing LLC and/or Michael Dickerson to tow legally parked customers from these parking spots, and even aid in their ability to do so. Defendant CVS employees intended the fraud because they made misrepresentations and comments, knowing they were untrue, Defendant CVS, through its employees and managers with the authority to make decisions on behalf of the principle through a theory of agency **intended to defraud the public**.

17

By conveying through statements to the public, including a local newspaper, that CVS had no contract with Breakthrough, Defendants CVS and Breakthrough Towing upheld a scheme which defrauded Plaintiff Olivia Robertson and others of the use of their vehicles, subjecting her to excessive fees, and violations of her constitutional rights.   At this stage of litigation, Plaintiffs have plead sufficient known facts, taken as true as the trier of fact is required to do, to set forth a plausible claim for fraud and misrepresentation against Defendants CVS.

## CONCLUSION

Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion to Dismiss, or in the alternative, permit Plaintiffs to file a second amended complaint within 30 days.

Respectfully Submitted,

/s/Tony D. Paris
TONY D. PARIS (P71525)
Attorneys for Plaintiff
4605 Cass Ave., 2nd Floor
Detroit, MI 48201
(313) 993-4505
tparis@sugarlaw.org

Dated: June 26, 2019

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, ASHLEY COLLINS**, and **JUSTIN KANDAH** on behalf of themselves and other persons similarly situated, known and unknown, | **CASE NO. 2:19-cv-10266-AC-EAS**<br><br>**HON. AVERN COHN**<br>**Magistrate Elizabeth A. Stafford** |

   Plaintiffs,

v.

**BREAKTHROUGH TOWING, LLC, MAGIC TOWING, LLC** (formerly Breakthrough Towing, LLC), **MICHAEL DICKERSON** (aka Mike Jones), individually and as owner/resident agent of Breakthrough Towing and Magic Towing, **CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, MIDTOWN LIQUOR & DELI, THE CITY OF DETROIT, THE CITY OF HAMTRAMCK, CITY OF HAMTRMACK POLICE DEPARTMENT JOHN DOES**, and **CITY OF DETROIT POLICE DEPARTMENT JOHN DOES**,

   Defendants.

_____

## CERTIFICATE OF SERVICE

I, hereby certify that on June 26, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted,

/s/Tony D. Paris
TONY D. PARIS (P71525)
Attorneys for Plaintiff
4605 Cass Ave., 2nd Floor
Detroit, MI 48201
(313) 993-4505
tparis@sugarlaw.org

Dated: June 26, 2019