# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| **OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, ASHLEY COLLINS**, and **JUSTIN KANDAH** on behalf of themselves and other persons similarly situated, known and unknown, | **CASE NO. 2:19-cv-10266-AC-EAS**<br><br>**HON. AVERN COHN**<br>**Magistrate Elizabeth A. Stafford** |
| Plaintiffs, | |
| v. | |
| **BREAKTHROUGH TOWING, LLC, MAGIC TOWING, LLC** (formerly Breakthrough Towing, LLC), **MICHAEL DICKERSON** (aka Mike Jones), individually and as owner/resident agent of Breakthrough Towing and Magic Towing, **CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, MIDTOWN LIQUOR & DELI, THE CITY OF DETROIT, THE CITY OF HAMTRAMCK, CITY OF HAMTRMACK POLICE DEPARTMENT JOHN DOES**, and **CITY OF DETROIT POLICE DEPARTMENT JOHN DOES**, | |
| Defendants. | |

## PLAINTIFFS' RESPONSE TO DEFENDANT McDONALD'S CORPORATION'S MOTION TO DISMISS[1]

Plaintiffs, by and through their counsel, respectfully request that this Honorable Court deny Defendant McDonald's Corporation's Motion to Dismiss for the reasons stated in Plaintiffs' following brief.

Respectfully Submitted,

/s/Tony D. Paris
TONY D. PARIS (P71525)
Attorneys for Plaintiff
4605 Cass Ave., 2nd Floor
Detroit, MI 48201
(313) 993-4505
tparis@sugarlaw.org

Dated: June 26, 2019

---

[1] On June 5, 2019, Defendant Midtown Liquor LLC filed a "Notice of Joinder/Concurrence" (Doc. No. 19) with Defendant McDonald's Corporation's and CVS' Motion(s) to Dismiss, advancing that they are "adopting the arguments set for by counsel for McDonald's Corporation and CVS in that motion" but without stating which of these arguments they are adopting in what is actually two separate motions filed those Defendants, and without any accompanying brief. Plaintiffs' will argue that this is not a responsive pleading under the Federal Rules of Civil Procedure.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, ASHLEY COLLINS**, and **JUSTIN KANDAH** on behalf of themselves and other persons similarly situated, known and unknown, | **CASE NO. 2:19-cv-10266-AC-EAS**<br><br>**HON. AVERN COHN**<br>**Magistrate Elizabeth A. Stafford** |

       Plaintiffs,

v.

**BREAKTHROUGH TOWING, LLC, MAGIC TOWING, LLC** (formerly Breakthrough Towing, LLC), **MICHAEL DICKERSON** (aka Mike Jones), individually and as owner/resident agent of Breakthrough Towing and Magic Towing, **CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, MIDTOWN LIQUOR & DELI, THE CITY OF DETROIT, THE CITY OF HAMTRAMCK, CITY OF HAMTRMACK POLICE DEPARTMENT JOHN DOES**, and **CITY OF DETROIT POLICE DEPARTMENT JOHN DOES**,

      Defendants.

---

## <u>PLAINTIFFS' BRIEF IN RESPONSE TO DEFENDANT McDONALD'S CORPORATION'S MOTION TO DISMISS</u>

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.........................................................................................ii

STATEMENT OF ISSUES PRESENTED.............................................................. 1

INTRODUCTION.......................................................................................................... 2

FACTS FROM PLAINTIFFS' COMPLAINT ........................................................ 2

LEGAL STANDARD .................................................................................................. 7

ARGUMENT .................................................................................................................. 8

   I.   McDonald's Corporation is Liable for All Tortious Acts Alleged in
       Plaintiff's Complaint, as It Maintained Control Over its Agent.................... 8

   II.  Plaintiff's Racketeer Influenced and Corrupt Organizations Act Claim
       Against McDonald's is Properly Pled and Should Not Be Dismissed.......... 13

     A.  Plaintiff Plausibly Pled Distinct Conduct or Participation of Each of the
        Defendants .............................................................................................. 13

     B.  Plaintiffs Have Plausibly Pled the Existence of a RICO Enterprise .......... 15

   III. Plaintiffs' Statutory and Common Law Conversation Claims Against
       McDonald's Are Properly Pled and Should Not Be Dismissed.................... 17

     A.  The Illegal Towing Constites Conversion Under Michigan Law. ............ 17

B.  Defendants McDonald's are Joint Tortfeasors in Conversion .................. 19

IV. Plaintiffs' Fraud and Misrepresentation Claim Against McDonald's is
Properly Pled and Should Not Be Dismissed................................................ 20

V.  Plaintiffs Properly Pled a Their Claims as a Class Action Pursuant
to Rule 23 ...................................................................................................... 21

# TABLE OF AUTHORITIES

## Cases

*Alar v. Mercy Mem'l Hosp.*, 208 Mich App 518 (1995) .......................................... 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................... 7

*Avery v. American Honda Motor Car Co.*, 120 Mich App 222 (1982) .................. 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007) ......................................... 7, 15

*Bender v. Southland Corp.*, 749 F2d 1205 (6th Cir. 1984) ..................................... 20

*Boyle v. U.S.*, 556 U.S. 938 (2009) ........................................................ 16

*Caldwell v. Cleveland-Cliffs Iron Co.*, 111Mich App 721 (1981) .......................... 10

*Clark v. Texaco, Inc.*, 222 N.W.2d 52 (Mich Ct. App 1974) ................................. 13

*Dep't of Agric v. Appletree Mktg, LLC*, 779 N.W.2d 244 (Mich 2010) ................. 17

*Foremost Ins. Co. v. Allstate Ins Co.*, 439 Mich 378 (1992) .................................. 17

*Erickson v. Pardus*, 551 U.S. 89 (2007) .................................................... 7

*Hall A. Ctr Assocs. Ltd Partnership v. Dick.*, 726 F.Supp 1083 (E.D. Mich 1989)
.................................................................................................. 14

*Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich App 94 (1999) .............. 17

*Johnston v. America Oil Co.*, 51 Mich App 646 (1973) ................................... 10. 13

*Meretta v. Peach*, 195 Mich App 695 (1992) .......................................................... 11

*Reves v. Ernest & Young*, 507 U.S. 170 (1993) ....................................................... 14

*RMI Titatnium Co. v. Westinghouse Elec.*, 78 F.3d 1125 (6th Cir. 1996) ............... 7

*Sedima, S.P.R.I. v. Imrex Co..*, 473 U.S. 479 (1985) ............................................... 13

*Sistrunk v. City of Strongville*, 99 F.3d 197 (6th Cir. 1996) .................................... 7

*Thomas v. Checker Cab Co.*, 66 Mich 646 (1973)..................................................... 10

*U.S. v. Turkette*, 452 U.S. 576 (1981) ..................................................................... 16


**Statutes**

MCL 257.252d(2)...................................................................................................... 4

MCL 600.2919a......................................................................................................... 17


**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 7, 14

Fed. R. Civ. P. 23 ..................................................................................................... 22

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. **Have Plaintiffs plead an ascertainable class under Fed. R. Civ. P. 23(d)(1)(D)?**

    Plaintiffs' Answer: Yes.

    Defendant McDonald's Corporation Answers: No.


2. **Does Plaintiffs' First Amended Complaint state a claim, or claims, against Defendant McDonald's Corporation upon which relief may be granted?**

    Plaintiffs' Answer: Yes.

    Defendant McDonald's Corporation Answers: No.

## **INTRODUCTION**

Despite Defendant's blanket insulting allegation that Plaintiffs' complaint is a "shot-gun" complaint, the well-founded pleading, which at its current state is a culmination of over a year's worth of investigation, multiple public interest news stories, and various other legal actions, is sufficient to form the basis of Defendant McDonald's Corporation's involvement and maintenance in and of a scheme to defraud and deceive innocent *customers* who parked in the McDonald's parking lot. On April 18, 2019, Plaintiffs filed an Amended Complaint, consisting of 291 well-pled facts and allegations pertaining to the harm suffered and relief sought by five Plaintiffs as a result of Breakthrough Towing, the Cities of Detroit and Hamtramck, and corporations operating in those cities.

## **FACTS FROM PLAINTIFFS' COMPLAINT**

Breakthrough Towing, LLC, as well as its alter-ego Magic Towing, are towing companies owned and operated by Defendant Michael Dickerson which illegally tow cars in Hamtramck and Detroit. Defendants Breakthrough Towing and Magic Towing routinely tow legally parked vehicles without permission of the vehicle's owner and without direction or permission from the entity in ownership or control of the site from which the vehicle is towed. This rogue towing occurs at various parking lots which include, but are not limited to CVS #8137 in Hamtramck,

Michigan, McDonald's #20757 in Detroit, Michigan, and Midtown Liquor & Deli, in Detroit, Michigan.  This illegal, exploitative, and predatory towing is routinely done in violation of Michigan towing statutes, city ordinances, contracts (or lack thereof) with parking lot property owners, posted signs, common law doctrine, and other regulations.  Defendants, including CVS #8137 (Woodward CVS, LLC), CVS Caremark Corporation (collectively "CVS"), McDonald's #20757 and McDonald's Corporation, and Midtown Liquor & Deli have deprived, and continue to deprive, Plaintiffs and other vehicle owners and secured parties of their property, due process, and equal protection rights. Breakthrough Towing, LLC demands and requires hundreds of dollars to be paid in cash only, to release the vehicle, often damaged by Breakthrough's towing practice, to its owners for these unauthorized and illegal tows.

### A. Plaintiff Timothy Bates

As was pled in Plaintiffs' Amended Complaint, beginning at paragraph 100, Plaintiff Timothy Bates was an authorized driver of a vehicle which was legally parked in the parking lot owned and operated by Defendant McDonald's #20757 in Detroit, Michigan on or about August 2, 2018. **McDonald's #20757 is overseen and/or controlled by McDonald's Corporation**. Mr. Bates was an employee and/or independent contractor for the mobile phone app, "Door Dash," where he was required to make fast food deliveries for customers who ordered from fast food

restaurants, including Defendant McDonald's #20757. He was picking up his second Door Dash order of that day from Defendant McDonald's #20757 when his vehicle was illegally and improperly towed from the McDonald's #20727 parking lot.

Upon arriving to the Defendant McDonald's #20757 parking lot, Mr. Bates went inside the restaurant, used the restroom, and waited in line at the register inside to pick up his Door Dash order. Once he walked outside to his vehicle, he saw that a Breakthrough Towing driver had hooked up his vehicle to the tow truck. When Mr. Bates asked that it be released, the driver told him he could not release the vehicle, as it was already hooked up, in violation of MCL 257.252d(2). He was further instructed by the Breakthrough Towing tow truck driver to speak with a McDonald's employee named "Alize" inside the McDonald's #20757 regarding his vehicle. Timothy went back inside McDonald's #20757 and asked to speak with "Alize," but he was told by another employee that she had left for the day. In response, Timothy immediately returned to his car only to find it had been towed away. When Mr. Bates attempted to retrieve his vehicle and means of employment with Door Dash, he was ultimately **charged $420.00 (cash only), including a $25.00 "after hours" fee.** He was able to contact Breakthrough Towing because of a telephone number listed along with McDonald's Corporation's logo on a sign in the parking lot.

Timothy Bates and similarly situated plaintiffs are under the reasonable belief that Defendant McDonald's #20757, Defendant McDonald's Corporation, and/or employees of the same are involved in the towing of legally parked vehicles, owned by customers of the restaurant, and are receiving compensation to report vehicles to Defendant Breakthrough Towing and/or Defendant Michael Dickerson.

### B. Plaintiff Ashley Collins

On February 5, 2019, Plaintiff Ashley Collins' vehicle was parked at the McDonald's #20757 between the hours of 9:00pm and 10:00pm. No notice or signs regarding Breakthrough Towing, LLC were either visible at the entry way to the parking lot when Mr. Collins pulled into the lot, or were visible near the parking space he pulled into on the north side of the lot directly next to a handicapped parking space (northeast corner of the lot). When Mr. Collins returned to the parking space at approximately 10:00pm on the evening of February 5, 2019, his vehicle was gone.

In an effort to determine what had happened to his vehicle, Mr. Collins went inside Hopcat, a restaurant directly next to the McDonald's where he was parked, and found a phone number for Breakthrough Towing. When he called Breakthrough Towing at 10:38pm, he was informed by the woman who answered the phone that Breakthrough Towing was closed and he would have to retrieve his car at 9:00am the following morning. Yet, Breakthrough Towing, LLC's website maintained that they were open "24/7." Mr. Collins was originally told that we would have to pay

5

$375.00 to retrieve his vehicle by a man who told him his name was "Mike." However, "Mike" then told Mr. Collins that because his vehicle was kept overnight, he would have to add a $20 "overnight fee," bringing the total for Mr. Collins to pay to retrieve his vehicle up to $395.00. Mr. Collins attempted to pay by credit card, he was told that he could not and the business was "cash only," despite signage to the contrary, so he was forced to walk to a nearby gas station to use the ATM. Mr. Collins asked "Mike" when he could expect a Notice of Abandoned Vehicle (a necessary document to contest a tow), but "Mike" said that because his vehicle was picked up within 24 hours, he would not receive one because it would not be "in the system."

Mr. Collins then had to go to another location to retrieve his vehicle after he had paid and signed for the vehicle, and followed behind "Mike" in order to get there. He witnessed "Mike" unlock a gate with a key to get inside and saw an abandoned structure with overgrown grass and broken glass.

When Mr. Collins attempted to leave with his vehicle, it was stuck in the mud in the location where it was left by the tow truck. Additionally, Mr. Collins' vehicle was damaged during the tow and left with a large scratch on the back bumper.

Hundreds of other customers who were towed by Breakthrough Towing from the McDonald's lot have experienced the same treatment. McDonald's Corporation

derives obvious benefits from these customers, as does the franchise. McDonald's Corporation preyed on its own paying customers so their employees could make additional monies in the course of their employment.  McDonald's Corporation itself received many complaints about this activity, assured the victims the matter[1] would be fully investigated and the appropriate actions taken, only to have the illegal towing activity continue.

## **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). For purposes of a 12(b)(6) motion, the allegations contained in the complaint are construed liberally in favor of the plaintiff. *Sistrunk v. City of Strongville*, 99 F.3d 194, 197 (6th Cir. 1996). **The plaintiff need not provide "detailed factual allegations" to survive dismissal.** Rather, the grounds of entitlement to relief

---

[1] Sometimes sending a $5 McDonald's gift card in response to a victim's complaint.

beyond mere labels and conclusions is sufficient. *Bell Atlantic Corp v Twombly*,

550 US 544, 555 (2007) (citation omitted). Though Defendants attempt to convince

this Court that Plaintiffs' amended complaint is not sufficient on its face and require

a higher standard, Plaintiffs averments satisfy the Court Rules, as this is not a motion

brought pursuant to Rule 56. In the alternative, should this Court not find that

Plaintiffs' pleadings are sufficient, Plaintiffs should be permitted to amend their

complaint to add additional facts.

## **ARGUMENT**

### I.   **McDonald's Corporation is Liable for All Tortious Acts Alleged in Plaintiff's Complaint, as It Maintained Control Over its Agent**

Defendant McDonald's Corporation asserts that it cannot possibly held liable for

any of its agent's acts (or, in fact, its own wrongdoing) because it sent $5 gift cards

to its customers who complained of being victimized by a towing company it chose

to contract with, derived benefits from, made assurances that investigations and

appropriate actions would occur, all while at a minimum, bestowing authority for its

franchisees to engage in this conduct.   Defendant McDonald's Corporation

completely misses the fact that not only did McDonald's corporate have knowledge

of its agent's acts, but also knowledge that its agent was aiding a towing company

in its illegal acts. They further acknowledge that fact by degrading its paying and

loyal customers with $5 gift cards to purportedly make up for violations of their

constitutional, statutory, and common law rights by a corporation who not only got the benefit of paying customers, but also was able to have their employees, managers, and/or agents receive additional pay or bonuses kick-backed to them for McDonalds' deal with Breakthrough Towing. The excessive towing fees and time without an automobile ultimately amounting to the most expensive Dollar Menu[2] meal imaginable.

As specifically alleged *throughout* Plaintiffs' complaint, "McDonald's #20757 is independently owned, a franchisee, a subsidiary, and/or alter-ego of Defendant McDonald's Corporation." Plaintiffs also allege that "McDonald's #20757 is overseen and/or controlled by McDonald's Corporation."

As further alleged, the tortious acts committed by Defendants McDonald's occurred on land possessed, either through title or apparent possession, by McDonald's Corporation occurred on August 2, 2018.  In the very least, <u>there is an issue of fact with regard to whether McDonald's Corporation is liable through a theory of direct liability, a theory of apparent agency, or whether liable through agency alone</u>.  Plaintiffs are not required to prove this relationship at the outest, nor are Plaintiffs required to plead what level of control McDonald's Corporation had over its franchisee at this stage of pleading, as the facts alleged in Plaintiffs'

---

[2]The McDonald's Dollar Menu is a number of items on the McDonald's menu that are available for $1.

complaint regarding control are taken as true pursuant to the notice pleading standard.

Further, as alleged in Plaintiffs' complaint, the McDonald's employees received benefits and/or kickbacks from Breakthrough Towing by conspiring with them. This was accomplished through their apparent authority to enter into contracts over the land, in service to their master, McDonald's Corporation, pursuant to the doctrine of *vicarious liability.*

Michigan follows the general rule that a company is vicariously liable where: (1) it holds itself out to the public as having control over the operation of a business; or (2) if it does in fact have control over the operation of a business. This creates an employer-employee relationship that renders the employer liable for any negligent actions of its employees. *Thomas v Checker Cab Co.,* 66 Mich App 152, 156 (1975). It is well-established that corporation can hold itself out to the public as having control over an operation through the use of a logo. *Johnston v America Oil Co.,* 51 Mich App 646 (1973) (The *Johnston* Court found that the parent company, American Oil Company, could be held liable for the actions of the gas station because the gas station had the American Oil Company name and advertising on it).

Generally under Michigan law, a principal is responsible for the acts of its agent. *Caldwell v. Cleveland-Cliffs Iron Co,* 111 Mich App 721, 731; 315 NW2d 186 (1981). As alleged in Plaintiff's complaint, McDonald's #20757 is likely a

10

franchisee of its franchisor, McDonald's Corporation. A principal-agent relationship also exists between the two – whether it is created by a direct theory or theory of apparent agency is a question of fact.

The authority of an agent to bind a principal may be either actual or apparent. *Alar v Mercy Mem'l Hosp.*, 208 Mich. App. 518, 528, 529 N.W.2d 318, 323 (1995). Actual agency, unlike apparent agency, turns on control.  "The test of whether an agency has been created is whether the principal has a right to control the actions of the agent." *Meretta v Peach*, 195 Mich. App. 695, 697, 491 N.W.2d 278, 280 (1992).

A central factor in determining the existence of an agency relationship is the right of control vested in the principal.  *Avery v. American Honda Motor Car Co,* 120 Mich App 222, 225; 327 NW2d 447 (1982).  In many cases, a logo can be used to show control.  In the present case, McDonald's Corporate presented no evidence that it did not have control over McDonald's #20757 and its employees, and it held itself out as having such control.  As stated in Plaintiffs' complaint, Breakthrough also displayed signs in the McDonald's parking lot.   Those signs contained the McDonald's logo in addition to the information regarding Breakthrough Towing.

Upon reasonable inference, which is all Plaintiffs have available at this stage of litigation, McDonald's Corporate has control over the employment of everyone at McDonald's #20757: it posted the job applications; it controlled the terms of

employment; it set standards and policies and procedures; McDonald's #20757 employees could contact McDonald's Corporate with problems.

Logically, the principal, McDonald's Corporate, also maintains control over how many managers a store has, controls the benefits and wages, and permits a level of control over the land possessed. In this case, the McDonald's employees may have alleged or maintained contracts with Breakthrough Towing, LLC only by virtue of the McDonald's Corporation name and authority. As third parties, they would not have a right to enter these contracts on behalf of the McDonald's name or using the McDonald's logo on their signs. McDonald's Corporation therefore held McDonald's #20757 out to the public as possessing sufficient authority to act on its behalf, particularly when entering into contracts or giving the impression to its customers and the City of Detroit that it had entered into these contracts.

When McDonald's #20757 gave that impression to the public, to the City of Detroit and to Breakthrough Towing, it was done with the apparent authority from McDonald's Corporation to do so. When McDonald's #20757 employees sought to control their premises and allegedly controlling Breakthrough Towing in their lot, they did so in service to McDonald's Corporation, as they have a direct interest in the customers' McDonald's #20757 services. When McDonald's #20757 employees, including managers pursuant to reasonable inference who have contact with McDonald's Corporation received other benefits or kickbacks from

12

Breakthrough Towing, it essentially became a term and condition of their employment.  Based on a theory of direct liability or, in the alternative, apparent agency, McDonald's Corporation is therefore liable for the tortious acts of McDonald's #20757 [3].  However, if this Court should find that Plaintiffs averments regarding McDonald's Corporation's control over McDonald's #20757 is not sufficient, Plaintiffs should be permitted to amend their complaint to add additional facts.

## II. PLAINTIFFS' RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT CLAIM AGAINST McDONALD'S IS PROPERLY PLED AND SHOULD NOT BE DISMISSED

Plaintiff's Amended Complaint properly pled a Racketeer Influenced and Corrupt Organizations ("RICO") claim against CVS. To prevail on a RICO claim, a plaintiff is required to show that Defendants engaged in "(1) conduct, (2) of an enterprise (3) through a pattern … of racketeering activity." *Sedima, S.P.R.I. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

## A. Plaintiffs Plausibly Pled Distinct Conduct or Participation of Each of the Defendants

---

[3] *Clark v. Texaco, Inc.*, 222 N.W.2d 52 (Mich Ct. App. 1974) (SJ reversed-holding that a franchised gas station's customer who was bitten by a watchdog had an apparent authority cause of action against the franchisor based on the principal of apparent authority); Johnston v. American Oil Co., 215 N.W.2d 719 (Mich. Ct. App. 1974) (relying upon Gizzi and thus overturning SJ for defendant; plaintiff permitted to go forward on her suit arising from gas station proprietor's shooting to death her husband-the claim was that Amoco advertising established an agency via apparent authority or estoppel).

The Breakthrough Towing enterprise, which includes Defendant McDonald's, falls within the 18 U.S.C § 1961(4), as it consists of a group of persons associated together for the common purpose of harassing, threatening, defrauding, converting, trespassing, misleading, and extorting Plaintiffs by towing their property and legally parked vehicles, forcing them to pay unreasonable amounts in cash-only fees, and providing kickbacks to other Enterprise associates (including employees of Defendant McDonald's). The receipt of these kickbacks demonstrate involvement in the criminal enterprise, as required by RICO. For purposes of a 12(b)(6) motion, these allegations must be taken as true. *Mayer, supra*, at 638.

The Supreme Court held in *Reves v. Ernest & Young*, 507 US 170, 179 (1993), that to be liable under the RICO statute, a defendant must "have some part in directing [the RICO enterprise's] affairs. This is not a case of passive participation. Defendant McDonald's owned and/or completely controlled the property from which Mr. Bates and countless others were towed and employees received kickbacks for reporting cars located in the McDonald's lot. McDonald's went insofar as to have the name of someone, who may or may not be a real person, "Alize," used by employees and Breakthrough tow truck drivers to distract the customers from their vehicles so they could quickly be towed away. They were aware of these illegal tows and facilitated them. As further discussed below, McDonald's Corporation was the principal to its agent, McDonald's #20757.

Further, **dismissal of RICO claims is not warranted for any potential pleading deficiencies this Court finds**. In *Hall A. Ctr Assocs. Ltd. Partnership v. Dick*, 726 F. Supp 1083, 1091 (E. D. Mich 1989), the court held that all RICO counts should be separated for each element and each defendant. However, the court did not dismiss the Counts and instead gave 30 days for the Plaintiff to amend their Complaint. *Id.* at 1084. If this Court finds that Plaintiffs' pleadings are not sufficient, justice requires that Plaintiffs be provided with an opportunity to amend their lawsuit.

By controlling the land, or at least maintaining signs which included the McDonald's logo, and the receipt of kickbacks more than satisfy the test forth by the Supreme Court in *Reves*. Plaintiffs have pled more than the generalized accusations the Supreme Court held were insufficient in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and thus, their RICO claim should be allowed to proceed[4].

## B. Plaintiffs Have Plausibly Plead the Existence of a RICO Enterprise

A purpose of the "Breakthrough Towing Enterprise" is abundantly clear from the Complaint: financial gain. That purpose was accomplished through "harassing, threatening, defrauding, converting, trespassing, misleading and extorting Plaintiffs by towing their properly and legally parked vehicles, forcing them to pay

---

[4] If this Court finds that Plaintiff's Complaint is deficient, we would ask that this Honorable Court allow Plaintiff to submit a Second Amended Complaint within 30 days.

unreasonable amounts in cash-only fees, and providing kickbacks to other Enterprise associates for each tow reported," as alleged in paragraph 228. As Plaintiff's Complaint alleges, McDonald's employees were receiving kickbacks for allowing Breakthrough to tow cars from the parking lot. As cited by Defendant, an enterprise under the RICO statute is "a group of persons associated together for a common purpose of engaging in a course of conduct." *U.S. V. Turkette*, 452 U.S. 576, 583 (1981). Timothy Bates and Ashley Collins were the victims of McDonald's role in the RICO conspiracy, as alleged in Plaintiffs' complaint in paragraphs 100-128.

Here, Breakthrough Towing was benefitting financially through their illegal towing practices and McDonald's, as well as the other Defendants, were benefitting financially from the kickbacks they received to facilitate such tows. Thus, the test in as defined by the Supreme Court in *Boyle v. U.S.*, 556 U.S. 938, 946 (2009) is met, which requires three features: purpose, relationships amongst the parties in the enterprise, and a long enough time period to facilitate the purpose of the enterprise's pursuit. As Defendant acknowledges, Plaintiffs alleged that McDonald's and Breakthrough's enterprise affected interstate commerce, as it affected out-of-state customers and other customers who drove their vehicles out of state. Taken as true, there is nothing that Defendants can point to which would warrant dismissal of Plaintiffs' RICO claim.

Here, there was a purpose of financial gain, a relationship between the parties – at least enough that a Breakthrough Towing sign would be on the premises of the McDonald's in question, and enough time for the purpose to be realized. Thus, an enterprise, as defined by the Supreme Court, exists.

### III.   PLAINTIFFS' STATUTORY AND COMMON LAW CONVERSION CLAIMS AGAINST McDONALD'S CORPORATION ARE PROPERLY PLED AND SHOULD NOT BE DISMISSED

#### A. The Illegal Towing Constitutes Conversion Under Michigan Law

Plaintiff's conversion claims against Defendants CVS are clear, despite their broad and hollow allegation only that "Plaintiffs have not and cannot state [one]." In fact, *Dep't of Agric v Appletree Mktg LLC*, 779 NW2nd, 244-45 (2010), cited by Defendants, directly supports Plaintiffs' position. *Dep't of Agric v Appletree Mktg LLC* holds: "Conversion **may** occur when a party properly in possession of property uses it in an improper way, for an improper purpose, **or by delivering it without authorization to a third party**." Plaintiffs do not disagree that conversion may occur that way. However, Michigan law provides that "[t]he tort of conversion is 'any distinct act of domain wrongfully exerted other another's personal property in denial of or inconsistent with the rights therein.'" *Head v Phillips Camper Sales & Rental, Inc*, 234 Mich App 94, 111 (1999) (quoting *Foremost Ins Co v Allstate Ins Co*, 439 Mich 378, 391 (1992)).

**There is no knowledge requirement for the statutory conversion claim which applies to Plaintiffs claims in this case**.  The Michigan conversion statute, MCL 600.2919a, provides in relevant part:

(a) Another person's stealing or embezzling property or converting property to the other person's own use.

(b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

Knowledge is only required for part (b) of the statute.  In fact, the statute was amended after *Echelon,* cited by Defendants, to add part (a), which previously did not exist.  Therefore, Plaintiffs are not required to show "actual knowledge," as Defendants erroneously suggest.

Michigan recognizes common law claims for aiding and abetting tortious conduct, including conversion and trespass. *See Echelon Homes, LLC v. Carter Lumber Co.*, 261 Mich. App 424, 683 NW2d 171, 179 (Mich Ct. Appp 2004) (rev'd in part on other grounds by 472 Mich 192, 694 NW2d 544 (2005) (recognizing both aiding and abetting breach of fiduciary duties and aiding and abetting conversion); *Kratze v. Indep. Order of Oddfellows*, 190 Mich. App 38, 475 NW2d 405, 408 (Mich Ct. App. 1991), (rev'd in part on other grounds by 442 Mich. 136, 500 NW2d 115

(1993) (recognizing aiding and abetting trespass); *Trail Clinic, P.C. v. Bloch*, 114 Mich App. 700, 319 N.W. 2d 638, 641 (recognizing aiding and abetting conversion).

Plaintiffs Timothy Bates and Ashley Collins parked their vehicles in the McDonald's lot in Detroit, as alleged in Plaintiffs' complaint.  While their cars were parked in the McDonald's parking lot, **under McDonald's control,** they were towed illegally.  Further, the McDonald's employees received benefits and/or kickbacks from the reported tows. As Plaintiffs allege, Breakthrough Towing did not have a proper license to tow from the McDonald's lot after January 1, 2019. Further, Breakthrough Towing removed *paying McDonald's customers from the lot.* Therefore, not only was every tow after January 1, 2019 from the McDonald's lot illegal, as was every paying McDonald's customers' tow, but the McDonald's employees directly benefitted from those tows.

## B. Defendants McDonald's are Joint Tortfeasors in the Conversion

When Plaintiff Timothy Bates was towed from the McDonald's parking lot, he was there picking up food ordered by a customer to deliver for the second time that day – directly benefitting the McDonald's Corporation.  Timothy had every right to be parked in the McDonald's parking lot. As aforementioned, Breakthrough did not have a valid license to tow vehicles as of January 1, 2019.  When Plaintiff Ashley Collins was towed from the McDonald's lot on January 18, 2019, he was towed illegally.

19

**As the owner and/or apparent owner of the lot, in control of Plaintiffs'
vehicles, Defendant McDonald's is liable under a theory of conversion, as they
had knowledge that the tows from their lot were illegal and improper based
and *still* systematically allowed Breakthrough to tow from their lot illegally,
aiding in Breakthrough's conversion of Timothy's, Ashley's, and others'
vehicles.**

As pled in Plaintiff's complaint, Defendant McDonald's employees, upon
information and belief received a benefit and/or kickback by reporting vehicles to
Breakthrough Towing, legal authority for Breakthrough to tow the vehicles.
Therefore, not only did Defendant McDonald's aid in Breakthrough's conversion of
Plaintiff's vehicle and others similarly situated by virtue of their relationship with
McDonald's #20757 and McDonald's employees, they received benefits from that
conversion, satisfying claims of both statutory and common law conversion.

## IV.  PLAINTIFFS' FRAUD AND MISREPRESENTATION CLAIM AGAINST McDONALD'S CORPORATION IS PROPERLY PLED AND SHOULD NOT BE DISMISSED

To satisfy the pleading requirements pursuant to Federal law, the minimum
Plaintiffs must do is "allege the time, place and contents of the misrepresentations
upon which [Plaintiffs] relied." *Bender v Southland Corp*, 749 F2d 1205, 1216 (6th
Cir. 1984). <u>Plaintiffs squarely complied with these requirements.</u>

Plaintiffs properly pled the agency relationship between McDonald's #20757 and McDonald's corporate. Further, Plaintiffs properly pled the circumstances surrounding Plaintiff Timothy Bates and Plaintiff Ashley Collins' getting their vehicles illegally towed from the McDonald's parking lot in paragraphs 100-128.

With regard to the misrepresentations, McDonald's had signs in their parking lot, with their logo on them in addition to information regarding Breakthrough Towing which stated that the parking was for customers only. *Customers* of McDonald's relied on those signs when parking in the McDonald's parking lot, so they parked in the parking spaces believing their cars would not be towed. **Defendant McDonald's employees knew that was untrue**, as McDonald's employees reported vehicles of *paying customers properly parked in the McDonald's parking lot to receive the kickbacks*. **They acted with the intent to defraud the public.**

Defendant McDonald's Corporation, McDonald's #20757 and Breakthrough Towing upheld a scheme which defrauded Plaintiffs Timothy Bates, Ashley Collins, and others of the use of their vehicles and subjected them to excessive fees. At this stage of litigation, Plaintiffs have plead sufficient known facts, taken as true as the trier of fact is required to do, to set forth a plausible claim for fraud and misrepresentation against Defendant McDonald's.

## V. Plaintiffs Properly Pled a Their Claims as a Class Action Pursuant to Rule 23

Plaintiffs properly pled their claims as a class action pursuant to Rule 23. Nothing in the Rules requires Plaintiffs to plead more or plead their claims to a higher standard in the complaint.  Plaintiffs have not moved to certify their class at this stage in the litigation and to do so at this point would be a waste of judicial economy, as discovery has not yet been conducted or even initiated.  To require Plaintiffs to identify their class at this stage is prejudicial, as the pleadings properly alleged, consistent with Rule 23, that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

With regard to time, Rule 23(c)(1)(A) only requires that "[a]t an early **practicable time** after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  Clearly, before beginning discovery is not a practicable time to make determinations with regard to the certification of a class or any decisions with regard to a class whatsoever.  To do so would be prejudicial to Plaintiffs and against the longstanding principles of justice.

## **CONCLUSION**

Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion to Dismiss, or in the alternative, permit Plaintiffs to file a second amended complaint within 30 days.

Respectfully Submitted,

/s/Tony D. Paris
TONY D. PARIS (P71525)
Attorneys for Plaintiff
4605 Cass Ave., 2nd Floor
Detroit, MI 48201
(313) 993-4505
tparis@sugarlaw.org

Dated: June 26, 2019

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

OLIVIA ROBERTSON, LENG
VANG, TIMOTHY BATES,
ASHLEY COLLINS, and JUSTIN
KANDAH on behalf of themselves and
other persons similarly situated, known
and unknown,

       Plaintiffs,

v.

BREAKTHROUGH TOWING,
LLC, MAGIC TOWING, LLC
(formerly Breakthrough Towing, LLC),
MICHAEL DICKERSON (aka Mike
Jones), individually and as
owner/resident agent of Breakthrough
Towing and Magic Towing, CVS
PHARMACY #8137, CVS
CAREMARK CORPORATION,
McDONALD'S #20757,
McDONALD'S CORPORATION,
MIDTOWN LIQUOR & DELI, THE
CITY OF DETROIT, THE CITY OF
HAMTRAMCK, CITY OF
HAMTRMACK POLICE
DEPARTMENT JOHN DOES, and
CITY OF DETROIT POLICE
DEPARTMENT JOHN DOES,

       Defendants.

CASE NO. 2:19-cv-10266-AC-EAS

HON. AVERN COHN
Magistrate Elizabeth A. Stafford

## CERTIFICATE OF SERVICE

I, hereby certify that on June 26, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted,

/s/Tony D. Paris
TONY D. PARIS (P71525)
Attorneys for Plaintiff
4605 Cass Ave., 2nd Floor
Detroit, MI 48201
(313) 993-4505
tparis@sugarlaw.org

Dated: June 26, 2019

2