# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, ASHLEY COLLINS, and JUSTIN KANDAH on behalf of themselves and other persons similarly situated, known and unknown,<br><br>    Plaintiffs,<br><br>v.<br><br>BREAKTHROUGH TOWING, LLC, MAGIC TOWING, LLC (formerly Breakthrough Towing, LLC), MICHAEL DICKERSON (aka Mike Jones), individually and as owner/resident agent of Breakthrough Towing and Magic Towing, CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, MIDTOWN LIQUOR & DELI, THE CITY OF DETROIT, THE CITY OF HAMTRAMCK, CITY OF HAMTRMACK POLICE DEPARTMENT JOHN DOES, and CITY OF DETROIT POLICE DEPARTMENT JOHN DOES,<br><br>    Defendants. | CASE NO. 2:19-cv-10266-AC-EAS<br><br>HON. AVERN COHN<br>Magistrate Elizabeth A. Stafford |

**PLAINTIFFS' RESPONSE TO DEFENDANT MIDTOWN LIQUOR, LLC's NOTICE OF JOINDER/CONCURRENCE**

NOW COME Plaintiffs, by and through counsel, and for their Response to Defendant Midtown Liquor, LLC's Notice of Joinder/Concurrence, submits the following brief:

1. On June 5, 2019, Defendant Midtown Liquor, LLC filed a "Notice of Joinder/Concurrence" with Defendant McDonald's Corporation's and CVS' Motions to Dismiss, advancing that they are "adopting the arguments set forth by counsel for McDonald's Corporation and CVS in that motion" but without stating which of these arguments they are adopting in what is actually two separate motions filed by those Defendants, and without *any* accompanying brief.

2. Defendants CVS Caremark Corporation and CVS Pharmacy #8137 ("CVS Defendants") and Defendants McDonalds Corporation and McDonalds #20757 do not directly address and facts or arguments relating to Defendant Midtown Liquor, LLC in their respective Motions to Dismiss.

3. Fed. R. Civ. P. 12(b)(6) states that a Motion to Dismiss may be granted when a party has failed "to state a claim upon which relief can be granted."

4. Plaintiff's Amended Complaint contains separate and distinct set of facts regarding Midtown Liquor LLC's liability.

5. Because there are separate factual allegations against Defendant Midtown Liquor LLC's, it's "Notice of Joinder" cannot be considered a responsive

2

pleading under the Federal Rules of Civil Procedure and should be stricken from the record or otherwise not considered a responsive pleading for procedural purposes.

                                Respectfully submitted,

                                /s/Tony D. Paris
                                TONY D. PARIS (P71525)
                                Attorneys for Plaintiff
                                4605 Cass Ave., 2nd Floor
                                Detroit, MI 48201
                                (313) 993-4505
                                tparis@sugarlaw.org

Dated: June 26, 2019

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, ASHLEY COLLINS,** and **JUSTIN KANDAH** on behalf of themselves and other persons similarly situated, known and unknown, | CASE NO. 2:19-cv-10266-AC-EAS<br><br>**HON. AVERN COHN**<br>**Magistrate Elizabeth A. Stafford** |
| Plaintiffs, | |
| v. | |
| **BREAKTHROUGH TOWING, LLC, MAGIC TOWING, LLC** (formerly Breakthrough Towing, LLC), **MICHAEL DICKERSON** (aka Mike Jones), individually and as owner/resident agent of Breakthrough Towing and Magic Towing, **CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, MIDTOWN LIQUOR & DELI, THE CITY OF DETROIT, THE CITY OF HAMTRAMCK, CITY OF HAMTRMACK POLICE DEPARTMENT JOHN DOES,** and **CITY OF DETROIT POLICE DEPARTMENT JOHN DOES,** | |
| Defendants. | |

**BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT MIDTOWN LIQUOR, LLC's NOTICE OF JOINDER/CONCURRENCE**

## INTRODUCTION

On April 18, 2019, Plaintiffs filed an amended Complaint, consisting of 291 well-pled facts and allegations pertaining to the harm suffered and relief sought by five Plaintiffs as a result of Breakthrough Towing, the Cities of Detroit and Hamtramck, and corporations operating in those cities.

## FACTUAL AND PROCEDURAL BACKGROUND

Breakthrough Towing, LLC, as well as its alter-ego Magic Towing, are towing companies owned and operated by Defendant Michael Dickerson which illegally tow cars from Hamtramck and Detroit. Defendants Breakthrough Towing and Magic Towing routinely tow legally parked vehicles without permission of the vehicle's owner and without direction or permission from the entity in ownership or control of the site from which the vehicle is towed. This rogue towing occurs at various parking lots which include, but are not limited to CVS #8137 in Hamtramck, Michigan, McDonald's #20757 in Detroit, Michigan, and Midtown Liquor & Deli, in Detroit, Michigan. This illegal, exploitative, and predatory towing is routinely done in violation of Michigan towing statutes, city ordinances, contracts with parking lot property owners, posted signs, common law doctrine, and other regulations. Defendants, including CVS #8137 (Woodward CVS, LLC), CVS Caremark Corporation (collectively "CVS"), McDonald's #20757 and McDonald's Corporation, and Midtown Liquor & Deli have deprived, and continue to deprive,

Plaintiffs and other vehicle owners and secured parties of their property, due process, and equal protection rights. Breakthrough Towing, LLC demands and requires hundreds of dollars to be paid in cash only, to release the vehicle, often damaged by Breakthrough's towing practice, to its owners for these unauthorized and illegal tows.

On June 5, 2019, Defendant Midtown Liquor, LLC filed a "Notice of Joinder/Concurrence" with Defendant McDonald's Corporation's and CVS' Motions to Dismiss, advancing that they are "adopting the arguments set forth by counsel for McDonald's Corporation and CVS in that motion" but without stating which of these arguments they are adopting in what is actually two separate motions filed by those Defendants, and *without any accompanying brief.*

## **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007). For purposes of a 12(b)(6) motion, the allegations contained in the complaint are construed liberally in favor of the plaintiff. *Sistrunk v. City of Strongville*, 99 F.3d 194, 197 (6th Cir. 1996). **The plaintiff need not provide "detailed factual allegations" to survive dismissal.** Rather, the grounds of entitlement to relief beyond mere labels and conclusions is sufficient. *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007) (citation omitted). Though Defendants attempt to convince this Court that Plaintiffs' amended complaint is not sufficient on its face and requires a higher pleading standard, Plaintiffs averments satisfy the Court Rules, even for claims of fraud, as Defendant's motion is not one brought pursuant to Rule 56.

**Fed. R. Civ. P. 12(f) states that "The court may strike from a pleading an insufficient defense."**

## ARGUMENT

In the present case, both the CVS Defendants and Defendant McDonald's Corporation filed timely alleging that under Fed. R. Civ. P. 12(b)(6), Plaintiffs have alleged insufficient factual bases for those specific Defendants to be liable under state and federal law. Neither set of Defendants addresses the facts unique to Midtown Liquor as plead in Planitiffs' Amended Complaint, particularly in regards to Plaintiff Leng Vang (Doc. No. 4, Pages 20-24). As such, this response cannot be considered "responsive" and must be stricken as an "insufficient" defense under Fed. R. Civ. P. 12(f).

4

Further, it is not rational, nor is it logical for Midtown Liquor to rely on the same arguments brought forth by Defendants CVS and Defendant McDonald's Corporation, as they are liable to Plaintiffs based on different theories. Defendants CVS and McDonald's arguments hinge on theories of agency, franchisor-franchisee relationships and vicarious liability, whereas those same arguments will not work for Midtown Liquor, as it is not an agent or franchise. Midtown Liquor is liable for its own tortious acts in its own regard.

Otherwise, if this Court permits Defendant Midtown Liquor to consider such a Notice of Joinder/Concurrence as a responsive pleading, Plaintiffs hereby rely upon their Responses and Briefs (Docs. No. 23 & 24) to the CVS Defendants and McDonald's Corporation's Motions in regards to Defendant Midtown Liquor, LLC. as well.

## CONCLUSION

Defendant Midtown Liquor cannot legally rely on Defendant McDonald's Corporation and Defendant CVS' respective Motions. Defendant Midtown Liquor's Notice of Concurrence/Joinder, therefore, fails to state a proper defense or grounds for dismissal.

WHEREFORE Plaintiffs respectfully request that this Honorable Court deny Defendant Midtown Liquor's Notice of Concurrence/Joinder and strike the insufficient same for the reasons stated herein pursuant to Fed. R. Civ. P. 12(f).

                                            Respectfully submitted,

                                            /s/Tony D. Paris
                                            TONY D. PARIS (P71525)
                                            Attorneys for Plaintiff
                                            4605 Cass Ave., 2nd Floor
                                            Detroit, MI 48201
                                            (313) 993-4505
Dated: June 26, 2019                     tparis@sugarlaw.org

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **OLIVIA ROBERTSON, LENG VANG, TIMOTHY BATES, ASHLEY COLLINS,** and **JUSTIN KANDAH** on behalf of themselves and other persons similarly situated, known and unknown,<br><br>    Plaintiffs,<br><br>v.<br><br>**BREAKTHROUGH TOWING, LLC, MAGIC TOWING, LLC** (formerly Breakthrough Towing, LLC), **MICHAEL DICKERSON** (aka Mike Jones), individually and as owner/resident agent of Breakthrough Towing and Magic Towing, **CVS PHARMACY #8137, CVS CAREMARK CORPORATION, McDONALD'S #20757, McDONALD'S CORPORATION, MIDTOWN LIQUOR & DELI, THE CITY OF DETROIT, THE CITY OF HAMTRAMCK, CITY OF HAMTRMACK POLICE DEPARTMENT JOHN DOES,** and **CITY OF DETROIT POLICE DEPARTMENT JOHN DOES,**<br><br>    Defendants. | CASE NO. 2:19-cv-10266-AC-EAS<br><br>HON. AVERN COHN<br>Magistrate Elizabeth A. Stafford |

**CERTIFICATE OF SERVICE**

2

I, hereby certify that on June 26, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

                Respectfully submitted,

                /s/Tony D. Paris
                TONY D. PARIS (P71525)
                Attorneys for Plaintiff
                4605 Cass Ave., 2nd Floor
                Detroit, MI 48201
                (313) 993-4505
                tparis@sugarlaw.org

Dated: June 26, 2019